[No. A076654. First Dist., Div. Four. Oct. 14, 1997.]

CENTURY INDEMNITY COMPANY et al., Plaintiffs and Appellants, v. BANK OF AMERICA, FSB et al., Defendants and Respondents.

COUNSEL

Long & Levit, Robert J. Romero and John H. Quinn for Plaintiffs and Appellants.

Heller, Ehrman, White & McAuliffe, Barry S. Levin, K. Louise Francis and Jeffrey A. Richmond for Defendants and Respondents.

OPINION

POCHÉ, Acting P. J.—Plaintiffs Century Indemnity Company and Pacific Employers Insurance Company appeal from an order staying on the basis of forum non conveniens their action for declaratory relief brought against defendant Bank of America, FSB. (Code Civ. Proc., § 904.1, subd. (a)(3).)

*Background*

Bank of America, FSB is a federal savings bank with its principal place of business in Portland, Oregon.[1] In 1991 it acquired Honfed Bank, a federal savings bank with its principal place of business in Honolulu, Hawaii. During the mid-1980's Honfed had allegedly marketed tax deferred annuities to its depositors on representations that the annuities were federally insured. The issuer of the annuities became insolvent, and Bank of America, FSB as the successor-in-interest to Honfed was sued by the Hawaii insurance commissioner and by the Hawaii Life and Disability Insurance Guaranty Association.

In September 1995 Bank of America, FSB tendered defense of the insurance commissioner's action to Century and Pacific[2] under various insurance policies written by them. The insurers disclaimed coverage as to all but two of the policies with a reservation of rights.

On June 5, 1996, Bank of America, FSB brought suit in state court in Hawaii naming Century and Pacific along with various other insurers; Bank of America sought a declaration that the insurers had a duty to defend and indemnify it in the case brought by the insurance commissioner. On June 18, 1996, Century and Pacific filed the present declaratory relief action in San Francisco Superior Court seeking a determination under the policies of their

---

[1]Bank of America, FSB which operates no banks in California is a subsidiary of BankAmerica Corporation. Bank of America branch banks in California are operated by Bank of America, N.T. & S.A., which is a subsidiary of BankAmerica Corporation.

[2]Both Century and Pacific are CIGNA insurance companies.

duty to defend or to indemnify for the claims asserted against Bank of America, FSB in the insurance commissioner's action.

Bank of America, FSB then moved to dismiss the California declaratory relief suit on grounds of forum non conveniens. The trial court declined to dismiss and instead stayed the action, "pending further order of the Court." Century and Pacific appeal from that order maintaining its issuance represents an abuse of discretion by the trial court.

## Discussion

Although the doctrine of forum non conviens was established in this state by judicial decision (*Price* v. *Atchison, T. & S. F. Ry. Co.* (1954) 42 Cal.2d 577 [268 P.2d 457, 43 A.L.R.2d 756]), it is now codified in Code of Civil Procedure section 410.30. That section permits a court to "stay or dismiss" an action "in whole or in part on any conditions that may be just" when it "finds that in the interest of substantial justice an action should be heard in a forum outside this state." (Code Civ. Proc., § 410.30, subd. (a).)

On a motion for forum non conveniens the moving party bears the burden of proof. (*Stangvik* v. *Shiley Inc.* (1991) 54 Cal.3d 744, 751 [1 Cal.Rptr.2d 556, 819 P.2d 14].) The decision to grant a forum non conveniens motion is discretionary and is accorded substantial deference on appeal. (*Ibid.*)

Because the dismissal of an action results in California's loss of jurisdiction over the matter, it has long been the rule (except for a brief period from 1986 until 1992)[3] that an action brought by a California resident may not be dismissed on grounds of forum non conveniens except in extraordinary circumstances. (*Stangvik* v. *Shiley Inc., supra,* 54 Cal.3d 744, 756; *Archibald* v. *Cinerama Hotels* (1976) 15 Cal.3d 853, 858-859 [126 Cal.Rptr. 811, 544 P.2d 947]; *Thomson* v. *Continental Ins. Co.* (1967) 66 Cal.2d 738, 742 [59 Cal.Rptr. 101, 427 P.2d 765]; *Beckman* v. *Thompson* (1992) 4 Cal.App.4th 481, 488-489 [6 Cal.Rptr.2d 60]; Stats. 1986, ch. 968, § 4, p. 3347.)

The trial court, however, has considerably wider discretion to grant stays precisely because under a stay California retains jurisdiction. (*Thomson* v. *Continental Ins. Co., supra,* 66 Cal.2d at p. 746, fn. 4.) Even an action brought by a California resident is subject to a stay. (*Hansen* v. *Owens-Corning Fiberglas Corp.* (1996) 51 Cal.App.4th 753, 761 [59 Cal.Rptr.2d

---

[3]Subdivision (a) of section 410.30 of the Code of Civil Procedure included at that time the final sentence: "The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action." The provision had a sunset date of January 1, 1992. (Stats. 1986, ch. 968, § 4, p. 3347.)

229].) In deciding whether to issue such a stay the trial court " 'should consider the importance of discouraging multiple litigation designed solely to harass an adverse party, and of avoiding unseemly conflicts with the courts of other jurisdictions' " as well as " 'whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced.' [Citations]." (*Thomson* v. *Continental Ins. Co*, *supra*, at pp. 746-747.) More recently our Supreme Court has noted that in considering a stay the trial court can take into account any consideration which bears on the relative suitability or convenience of the two forums. (*Archibald* v. *Cinerama Hotels*, *supra*, 15 Cal.3d at p. 860.)

In assessing a forum non conveniens motion the trial court looks first to whether the alternative forum is a suitable place for trial. (*Stangvik* v. *Shiley Inc.*, *supra*, 54 Cal.3d at pp. 751, 754.) If it is then the court looks to the private interests of the litigants and the public interest in keeping the case in California. (*Ibid.*)

In this case where all the parties were, even prior to the filing of suit in California, part of a declaratory relief suit brought in Hawaii over the meaning of the same insurance policies there is no dispute Hawaii is a suitable alternative forum. Thus, the focus of the trial court's inquiry was in the balance of the private and public interests at stake.

Century and Pacific argue that they are entitled to a strong preference for a California forum—Century because it is a plaintiff that chose California and Pacific because it is a California corporation. They insist the appropriate test is that applied in *Ford Motor Co.* v. *Insurance Co. of North America* (1995) 35 Cal.App.4th 604, 611 [41 Cal.Rptr.2d 342], which is that the plaintiff's choice of forum is entitled to a "strong presumption" of appropriateness therefore a defendant must demonstrate that California is a *"seriously inconvenient* forum." (*Ibid.*) Because that case involved a dismissal rather than a stay, however, its test is inapplicable here.

Certainly the preference is a strong one for Pacific, which is a resident. As to Century, which is incorporated in Pennsylvania that factor is of lesser significance. As our Supreme Court noted in upholding a stay in *Stangvik* the forum choice of a plaintiff who resides outside the United States "is not a substantial factor in favor of retaining jurisdiction here." (*Stangvik* v. *Shiley Inc.*, *supra*, 54 Cal.3d at p. 755.) Admittedly the foreignness to this state of the plaintiffs in *Stangvik* was much greater in that they were residents of Scandinavia, not of Pennsylvania. However, as to Century the relevance of

its choice of California lies solely in the fact that it obviously believes California to be a convenient place for it to bring its action. (See *Ford Motor Co.* v. *Insurance Co. of North America, supra,* 35 Cal.App.4th at p. 618.) Yet the residence in this state of Pacific is not dispositive either. ▮ As our Supreme Court has stated "[i]n considering whether to stay an action, in contrast to dismissing it, the plaintiff's residence is but one of many factors which the court may consider." (*Archibald* v. *Cinerama Hotels, supra,* 15 Cal.3d at p. 860.)

▮ Convenience is also determined by looking to the residence of defendant. (*Stangvik* v. *Shiley Inc., supra,* 54 Cal.3d at p. 755.) Bank of America, FSB argues that it is domiciled outside this state and it has no substantial contact here. From its standpoint the action should proceed in Hawaii because the insurance policies were purchased there by an institution doing business in that state.

The proximity of evidence and witnesses favors neither forum. Since the action is one for declaratory relief based upon the terms of insurance policies and whether their coverage triggers a duty to defend or indemnify, either forum should be equally convenient for presenting what will be, in all likelihood, a documentary case.

As to the public interests at stake, Bank of America, FSB makes a strong argument that Hawaii has a significant state interest in interpreting insurance contracts issued in that state. Moreover the coverage questions here may, it argues, implicate Hawaii's policy choices over whether or to what extent insurance is available for the business practices involved in the marketing of the annuities. It is difficult to see that California has any significant countervailing public interest in interpreting policies, even those offered by a resident insurer, to insureds in other states.

Century and Pacific argue that the action in California will proceed much more expeditiously than it will in Hawaii because in this state it has been assigned to a fast track program. They are likely correct, if only because the Hawaii action involves many other insurers and their policies. Bank of America, FSB objects that some of the insurers named in the Hawaii declaratory relief action are domiciled in that state and not licensed to do business outside Hawaii. It would, therefore, be obliged to proceed with the declaratory relief action in Hawaii at least as to those insurers. Thus, to go forward with the California forum would, at some cost to the California taxpayers, probably result in a more rapid resolution of the coverage questions as to these insurers. It would not obviate the need for declaratory relief in Hawaii as to the other insurers.

Given Hawaii's strong public policy interest in interpreting the insurance policies and the lack of a strong countervailing justification for proceeding, at least at this time, in California, we cannot say the trial court abused its discretion in staying the action.

The order is affirmed.

Reardon, J., and Hanlon, J., concurred.