127 Cal.Rptr.2d 847 (2002)
104 Cal.App.4th 191
INTERSHOP COMMUNICATIONS, AG, et al., Petitioners,
v.
The SUPERIOR COURT of the City and County of San Francisco, Respondent;
Frank R. Martinez, Real Party in Interest.
No. A098878.
Court of Appeal, First District, Division Five.
December 10, 2002.
Review Denied March 26, 2002.[*]
Rehearing Denied January 7, 2003.
*850 Craig S. Ritchey, Karen E. Wentzel, Patricia A. Welch, Palo Alto, Ritchey, Fisher, Whitman & Klein Dennis M. Sullivan, San Francisco, Counsel for Petitioners and Defendants.
Robert D. Bjork, Jr., Oakland, David M. Poore, Bjork Lawrence, Counsel for Real Party in Interest and Plaintiff.
STEVENS, J.
This petition arises from a lawsuit for breach of a stock options exchange, agreement (hereafter, exchange agreement). The plaintiff in the action, Frank R. Martinez, is a California resident who was an employee of Intershop Communications, Inc., the U.S. subsidiary of Intershop Communications AG. Intershop the parent is a German corporation whose stock is publicly traded on the German stock exchange. By the terms of the exchange agreement, the employees of Intershop the subsidiary were allowed to exchange their stock options in the subsidiary for shares of stock in the parent. After plaintiffs employment was terminated, he sued Intershop subsidiary and parent, alleging that pursuant to the exchange agreement he was due 7,812 additional shares valued at more than $5 million.
The exchange agreement contained a choice-of-law and forum selection clause: "The conclusion and the performance of this Agreement is governed by and has to be construed in accordance with the laws of the Federal Republic of Germany. To the extent permitted by the applicable laws the parties elect Hamburg to be the place of jurisdiction." In accordance with that contractual provision, defendants Intershop subsidiary and parent (and defendant Christof Leiste, the contractually named fiduciary in the stock transfers) moved to stay the proceedings pursuant to the doctrine of forum non conveniens. The trial court denied the motion, and defendants now petition this court to compel the trial court to enforce the forum selection clause. We conclude, for the reasons we explain, that the forum selection clause must be given effect on its terms.

I. DISCUSSION

A. MANDATORY FORUM SELECTION CLAUSE
The California Supreme Court has held that contractual forum selection clauses are valid and should be given effect unless enforcement of the clause would be unreasonable. (Smith, Valentino & Smith, Inc. v. Superior Court (1976) 17 Cal.3d 491, 495-496, 131 Cal.Rptr. 374, 551 P.2d 1206 (Smith); see also The Bremen v. Zapata Off-Shore Co. (1972) 407 U.S. 1, 10-12, 92 S.Ct. 1907, 32 L.Ed.2d 513.) However, a distinction has been drawn between a mandatory and a permissive forum selection clause for purposes of analyzing whether the clause should be enforced. A mandatory clause will ordinarily be given effect without any analysis of convenience; the only question is whether enforcement of the clause would be unreasonable. On the other hand, when the clause merely provides for submission to *851 jurisdiction and does not expressly mandate litigation exclusively in a particular forum, then the traditional forum non conveniens analysis applies. (Berg v. MTC Electronic Technologies Co. (1998) 61 Cal. App.4th 349, 358-360, 71 Cal.Rptr.2d 523 (Berg).)
Plaintiff argues, as he did below, that the forum selection clause within the exchange agreement was merely permissive and was not a mandatory selection of Hamburg as the place of trial. The trial court seems to have agreed.[1] We decide this threshold issue de novo, independent of the trial court's ruling. An appellate court is not bound by the trial court's construction of a contract when, as here, the interpretation is based solely upon the terms of the written instrument without any assessment of conflicting extrinsic evidence. (Gribaldo, Jacobs, Jones & Associates v. Agrippina Versicherunges AG. (1970) 3 Cal.3d 434, 445-446, 91 Cal.Rptr. 6, 476 P.2d 406; Parsons v. Bristol Development Co. (1965) 62 Cal.2d 861, 865, 44 Cal.Rptr. 767, 402 P.2d 839.)
The forum selection clause within the exchange agreement states: "To the extent permitted by the applicable laws the parties elect Hamburg to be the place of jurisdiction." (Italics added.) In our view, that language plainly reflects the parties' agreement that Hamburg, Germany would be the forum.
We recognize that the language is not quite as emphatic as the language in other cases with mandatory clauses. (E.g., Lu v. Dryclean-U.S.A. of California, Inc. (1992) 11 Cal.App.4th 1490, 1492, 14 Cal.Rptr.2d 906 ["`[a]ny and all litigation that may arise as a result of this Agreement shall be litigated in Dade County, Florida'" (italics added) ]; CQL Original Products, Inc. v. National Hockey League Players' Assn. (1995) 39 Cal.App.4th 1347, 1352, 46 Cal. Rptr.2d 412 ["`any claims ... shall ... be prosecuted in the appropriate court of Ontario [Canada]'" (italics added) ] (CQL ); Cal-State Business Products & Services, Inc. v. Ricoh (1993) 12 Cal.App.4th 1666, 1672, fn. 4, 16 Cal.Rptr.2d 417 ["`[A]ny appropriate state or federal district court located in the Borough of Manhattan, New York City, New York shall have exclusive jurisdiction over any case of controversy arising under or in connection with this Agreement'" (italics added) ] (Cal-State Business).)
However, the language in the present case is obviously different from that in cases in which the courts found that the forum selection was merely permissive, i.e., that the parties had merely agreed to submit to the jurisdiction of the named court but had not ruled out other jurisdictions. (E.g., Berg, supra, 61 Cal.App.4th at p. 357, 71 Cal.Rptr.2d 523 ["`The company has expressly submitted to the jurisdiction of the State of California and United States Federal courts sitting in the City of Los Angeles, California, for the purpose of any suit ... arising out of this Offering'" (italics added) ]; Hunt Wesson Foods, Inc. v. Supreme Oil Co. (9th Cir. 1987) 817 F.2d 75, 76 ["The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract" (italics added)].)
Here, in contrast, the parties expressed their "election" that Hamburg, Germany would be "the place of jurisdiction." This clause is far more than an agreement to submit to the jurisdiction of Hamburg *852 courts as one of several possible forums. Rather, the clause specifies Hamburg as "the" place where litigation should be conducted, indicating a single place. In fact, the forum selection becomes even clearer when introductory modifier is placed at the end of the sentence so that the clause reads as follows: "The parties elect Hamburg to be the place of jurisdiction to the extent permitted by the applicable laws."
Furthermore, when the sentence is so inverted, the term "applicable laws" is revealed as a reference to the laws of Hamburg, Germany. The record contains undisputed evidence that under German law the forum selection clause would be mandatory. Finally, we observe that the limiting phrase "[t]o the extent permitted by the applicable laws" would have no meaning unless Hamburg was the mandatory site. It would make no sense to "permit" Hamburg if it was already one of several permitted alternatives. (See Frietsch v. Refco, Inc. (7th Cir.1995) 56 F.3d 825, 829.)
In summary, based upon the plain language of the contract, we conclude as a matter of law that the forum selection clause was mandatory.

B. BURDEN OF PROOF AND STANDARD OF REVIEW
Under a traditional forum non conveniens analysis, the trial court makes its determination on a motion to stay the action after balancing various factors related to the parties' private interests as well as the interest of the public in retaining the action for trial in California. (Stangvik v. Shiley Inc. (1991) 54 Cal.3d 744, 751, 761, 1 Cal.Rptr.2d 556, 819 P.2d 14 [Stangvik).) The defendant, as the moving party, has the burden of proof. (Id, at p. 751, 1 Cal.Rptr.2d 556, 819 P.2d 14; Century Indemnity Co. v. Bank of America (1997) 58 Cal.App.4th 408, 411, 68 Cal.Rptr.2d 132 (Century Indemnity Co.).)
Such a motion on traditional grounds of forum non conveniens is addressed to the discretion of the trial court to decline jurisdiction, and the trial court retains a "flexible power" to consider and weigh all the factors. (Archibald v. Cinerama Hotels (1976) 15 Cal.3d 853, 860, 126 Cal.Rptr. 811, 544 P.2d 947; see also Stangvik, supra, at pp. 751, 753, 1 Cal. Rptr.2d 556, 819 P.2d 14; Century Indemnity Co., supra, 58 Cal.App.4th at p. 411, 68 Cal.Rptr.2d 132; Hansen v. Oivens-Corning Fiberglas Corp. (1996) 51 Cal. App.4th 753, 758, 59 Cal.Rptr.2d 229.) The trial court's discretionary decision will be accorded substantial deference on appeal. (Stangvik, supra, at p. 751, 1 Cal. Rptr.2d 556, 819 P.2d 14; Century Indemnity Co., supra, at p. 411, 68 Cal.Rptr.2d 132.)
In contrast, in cases with a contractual forum selection clause, the burden of proof is on the plaintiff, the party resisting the motion. (Smith, supra, 17 Cal.3d at pp. 496-497, 131 Cal.Rptr. 374, 551 P.2d 1206; CQL, supra, 39 Cal. App.4th at p. 1354, 46 Cal.Rptr.2d 412; Benefit Assn. Internal, Inc. v. Superior Court (1996) 46 Cal.App.4th 827, 835, 54 Cal.Rptr.2d 165 (Benefit Assn.)) The various factors involved in the traditional forum non conveniens analysis do not control. (Berg, supra, 61 Cal.App.4th at p. 358, 71 Cal.Rptr.2d 523.) Instead, the forum selection clause is presumed valid and will be enforced unless the plaintiff shows that enforcement of the clause would be unreasonable under the circumstances of the case. (Smith, supra, at pp. 496-497, 131 Cal.Rptr. 374, 551 P.2d 1206; see also Benefit Assn., supra, at p. 835, 54 Cal. Rptr.2d 165.)
The case law is in conflict on the standard of appellate review of a motion to enforce a forum selection clause. On the *853 one hand, in light of the difference between the traditional forum non conveniens analysis and the analysis attendant to a forum selection clause, some courts have concluded that the trial court's decision in the latter instance is reviewed for substantial evidence: "[I]n a contractual forum non conveniens motion, the trial court must determine if there is sufficient evidence to satisfy the requirements for invalidating a binding contract. If the trial court finds there are facts present which satisfy these criteria, it must act in a particular way; there is no discretion involved. The reviewing court is thus involved in determining the quantum of evidence adduced, not the manner in which factors were applied." (Cal-State Business, supra, 12 Cal.App.4th at pp. 1680-1681, 16 Cal.Rptr.2d 417, italics in original; accord CQL, supra, 39 Cal.App.4th at pp. 1354-1355 & fn. 4, 46 Cal.Rptr.2d 412.) On the other hand, most recently, Division Two of this court disagreed with that approach and held that the abuse of discretion standard, not the substantial evidence standard, applies to the review of a trial court's decision not to enforce a forum selection clause. (America Online, Inc. v. Superior Court (2001) 90 Cal.App.4th 1, 9, 108 Cal.Rptr.2d 699 (America Online).)
There is, in fact, language by the Supreme Court to suggest that the trial court retains a measure of discretion regarding the choice of forum even when there is a forum selection clause: "[F]orum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable." (Smith, supra, 17 Cal.3d at p. 496, 131 Cal.Rptr. 374, 551 P.2d 1206, italics added.) The same thought was echoed by the Court of Appeal: "Although not even a `mandatory' forum selection clause can completely eliminate a court's discretion to make appropriate rulings regarding choice of forum, the modern trend is to enforce mandatory forum selection clauses unless they are unfair or unreasonable." (Berg, supra, 61 Cal.App.4th at p. 358, 71 Cal.Rptr.2d 523.)
In the present case, we find it unnecessary to resolve this conflict, because the issues before us are questions of law. The trial court's decision to deny the forum non conveniens motion was not an exercise of discretion to retain the trial in California despite the forum selection clause. Rather, the trial court's decision was a legal conclusion that the forum selection clause did not apply. As already discussed, the trial court misconstrued the forum selection clause as merely permissive, not mandatory and, as discussed below, it erroneously concluded that enforcement of the forum selection clause would violate Corporations Code section 25701.

C. VIOLATION OF PUBLIC POLICY
The party's burden on a motion to enforce a mandatory forum selection clause is to demonstrate that the contractually selected forum would be unavailable or unable to accomplish substantial justice or that no rational basis exists for the choice of forum. (Smith, supra, 17 Cal.3d at pp. 496-497, 131 Cal.Rptr. 374, 551 P.2d 1206; CQL, supra, 39 Cal. App.4th at p. 1354, 46 Cal.Rptr.2d 412 and cases cited.) Neither inconvenience nor the additional expense of litigating in the selected forum are factors to be considered. (Smith, supra, at pp. 496-497, 131 Cal.Rptr. 374, 551 P.2d 1206; CQL, supra, at p. 1354, 46 Cal.Rptr.2d 412.) However, a forum selection clause will not be enforced if to do so would bring about a result contrary to the public policy of this state. (Smith, supra, at pp. 496-497, 131 Cal.Rptr. 374, 551 P.2d 1206; *854 CQL, supra, at p. 1354, 46 Cal.Rptr.2d 412.)
Plaintiff made no showing in the trial court that substantial justice could not be achieved in a German court or that a rational basis is lacking for the selection of Hamburg as the forum. Indeed, enforcement of the forum selection clause makes sense under the circumstances here, where the options are for stock in a German corporation subject to German securities regulations and where the parties agreed that German law would apply. Instead, plaintiff argued below that enforcement of the forum selection clause would violate California public policy reflected in Corporations Code section 25701, which provides that a California buyer of securities cannot waive the protections of the California securities laws.[2] (Hall v. Superior Court (1983) 150 Cal.App.3d 411, 197 Cal.Rptr. 757; see also America Online, supra, 90 Cal.App.4th at p. 15, 108 Cal. Rptr.2d 699 [anti-waiver provision of Consumers Legal Remedies Act (Civ.Code, § 1751) precluded enforcement of forum selection clause].) The trial court was persuaded by this argument.
The flaw in the argument is that plaintiff no longer has any cause of action based on a violation of California's securities laws. Those causes of action were dismissed upon the sustaining of defendants' demurrers without leave to amend. All that remains of plaintiffs complaint is his cause of action for breach of the exchange agreement and his cause of action for conversion based on that breach.
Plaintiff now makes a new argument in opposition to the petition that enforcement of the forum selection clause is barred by Labor Code section 219, which precludes any waiver of the protections of the Labor Code.[3] Plaintiff asserts that his claim for 7,812 additional shares of Intershop Communications AG pursuant to the exchange agreement is essentially a claim for unpaid wages. But plaintiff made no such allegation in his complaint, nor has he ever advanced the theory below. He fails to show how any provision of the Labor Code relating to the time, place, and manner of paying wages was contravened by the exchange agreement.
The situation here is analogous to CQL, supra, 39 Cal.App.4th 1347, 1351, 46 Cal.Rptr.2d 412, which was an action for breach of a license exchange agreement containing a forum selection clause. The court rejected the argument that transferring the action to the contractually selected forum (Ontario, Canada) would violate public policy. "This is not to suggest California has no public policy against forfeiture. Rather, California law does not prohibit parties to a contract to voluntarily and freely agree to another forum and the law governing there. Indeed, given the availability of the Ontario forum which has a strong interest in this licensing relationship, California's public policy is not violated by enforcing the forum selection clause in this case." (CQL, supra, at p. 1357, 46 Cal.Rptr.2d 412.) We likewise conclude as *855 a matter of law that no public policy of this state is violated by enforcing the forum selection clause and transferring the matter to Germany for trial.

D. ADHESION CONTRACT
Plaintiff further argues that enforcement of the forum selection clause would be unreasonable because the clause was contained within an adhesion contract.[4] We reject the argument. Because the material facts on this issue are undisputed, the resolution rests entirely on an application of the relevant case law and is a question of law for our independent determination.
Plaintiff is correct in his characterization of the exchange agreement as a contract of adhesiona standardized contract, imposed upon the subscribing party without an opportunity to negotiate the terms. (See generally, Neal v. State Farm Ins. Co. (1961) 188 Cal.App.2d 690, 694, 10 Cal.Rptr. 781; accord Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 113, 99 Cal. Rptr.2d 745, 6 P.3d 669; Graham v. Scissor-Tail, Inc. (1981) 28 Cal.3d 807, 817, 171 Cal.Rptr. 604, 623 P.2d 165.) What plaintiff ignores is that a contract of adhesion is nonetheless a valid and existing contract. (Graham, supra, 28 Cal.3d at p. 819, 171 Cal.Rptr. 604, 623 P.2d 165.) Such contracts "are, of course, a familiar part of the modern legal landscape.... They are also an inevitable fact of life for all citizensbusinessman and consumer alike." (Id. at pp. 817-818, 171 Cal.Rptr. 604, 623 P.2d 165, fn. omitted.) A finding of adhesion merely begins another inquirywhether a particular provision within the contract should be denied enforcement on grounds that it defeats the expectations of the weaker party or it is unduly oppressive or unconscionable. (Id. at pp. 819-827, 171 Cal.Rptr. 604, 623 P.2d 165; see also Cal-State Business, supra, 12 Cal. App.4th at p. 1679, 16 Cal.Rptr.2d 417.)
A forum selection clause within an adhesion contract will be enforced "as long as the clause provided adequate notice to the [party] that he was agreeing to the jurisdiction cited in the contract." (Hunt v. Superior Court (2000) 81 Cal.App.4th 901, 908, 97 Cal.Rptr.2d 215; see also Carnival Cruise Lines, Inc. v. Superior Court (1991) 234 Cal.App.3d 1019, 1026-1027, 286 Cal.Rptr. 323.) Thus, in Hunt, supra, the court found the clause failed to give adequate notice when it merely provided an agreement to submit to "the applicable jurisdiction" without identifying California as the applicable jurisdiction. Here, on the other hand, the forum selection clause plainly says that Hamburg, Germany is the selected forum. Plaintiff had full notice that he was agreeing to Hamburg as the place of trial, even though he may have chosen not to read the four-page contract. We conclude as a matter of law that no basis exists for denying enforcement of the forum selection clause.

E. Waiver by Demurrer
Plaintiff argues that defendants have waived their right to enforce the forum selection clause by their conduct in demurring within the California court to plaintiffs complaint. The argument is meritless. The forum selection clause applies only to disputes concerning the performance of the exchange agreement. Defendants successfully demurred to plaintiffs noncontract claims for misrepresentation, violation of securities laws, and *856 breach of fiduciary duty. Once those causes of action were dismissed, all that remained was plaintiffs claim of breach of contract and conversion based on that breach. Defendants could not waive the forum selection clause by failing to assert it against noncontract claims to which it did not apply. In any event, defendant Intershop Communications AG did make an earlier forum non conveniens motion as an alternative to its motion to quash service, but the motion was denied without prejudice.

II. DISPOSITION

Let a peremptory writ of mandate issue commanding the trial court to enforce the forum selection clause and grant the motion to stay the action pending completion of the litigation in Hamburg, Germany. Costs are awarded to petitioners.
We concur JONES, P.J., and GEMELLO, J.
NOTES
[*] Kennard, J., dissented.
[1] On the early forum non conveniens motion brought by then sole defendant Intershop Communications AG, combined with its motion to quash service, the trial court found that the clause was permissive.
[2] Corporations Code section 25701 provides: "Any condition, stipulation or provision purporting to bind any person acquiring any security to waive compliance with any provision of this law or any rule or order hereunder is void." (Underscoring added.)
[3] Labor Code section 219 reads as follows: "Nothing in this article shall in any way limit or prohibit the payment of wages at more frequent intervals, or in greater amounts, or in full when or before due, but no provision of this article can in any way be contravened or set aside by a private agreement, whether written, oral, or implied."

The "article" in which Labor Code section 219 is contained is article 1 of chapter 1, part 1, division 2, of the Labor Code, which pertains to the time, place, and manner of payment of wages for general occupations (as distinct from seasonal labor an special occupations).
[4] His argument below was slightly different: he argued that the forum selection clause was not brought to his attention.