Filed 2/5/15  Certain Underwriterts at Lloyd's v. AXA Coirporate Solutions CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON et al., | B251997 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. PC053898) |
| v. | |
| AXA CORPORATE SOLUTIONS ASSURANCE et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Burt Pines, Judge.  Affirmed.

Yukevich Cavanaugh, James J. Yukevich, Raymond H. Hua, Bryan C. Zaverl; Bates Carey, Matthew M. Murphy for Plaintiffs and Appellants.

Mintz Levin Cohn Ferris Glovsky and Popeo, Abigail V. O'Brient, Victor F. Mustelier for Defendants and Respondents.

\* \* \* \* \* \*

A French insurance company insures a train operator under a contract selecting France as the forum for "[a]ny litigation regarding the application of th[e] contract." When the train operator is involved in an accident but the insurance company refuses to pay anything into the common fund to compensate the accident's victims, are the insurers who did pay into the fund and who sue the French insurance company for contribution bound by the contract's forum selection clause? We conclude that they are, and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Tragedy struck in 2008 when a Metrolink commuter train collided with a Union Pacific freight train near Chatsworth, California, killing two dozen people and injuring many more. Connex operated the Metrolink train and employed the train's driver. Metrolink filed an interpleader lawsuit in federal court to create a $200 million fund for the accident's victims—the maximum amount under federal law. (49 U.S.C. § 28103, subd. (a)(2).) Lloyds of London, Indian Harbor Insurance Company,[1] Steadfast Insurance Company, and Aspen Insurance UK Limited (collectively, plaintiffs) insured Metrolink and Connex at the time of the accident. Defendant AXA Corporate Solutions Assurance (AXA) separately insured Connex, through its French parent company in a French-language insurance contract (AXA Policy). Plaintiffs all contributed to the fund, but AXA refused. Plaintiffs put in more than their proportional share to fund the full $200 million, and the victims were compensated from the fund.

Plaintiffs sued AXA in Los Angeles Superior Court for contribution and subrogation, seeking to compel AXA to pay its fair share of the fund. AXA moved to stay or dismiss the action based on forum non conveniens. In particular, AXA argued that (1) the forum selection clause contained in AXA Policy designated France as the forum for any litigation, and (2) even absent a clause, the balance of equitable

---

[1] On the eve of oral argument, Indian Harbor Insurance Company dismissed its appeal and its underlying case.

considerations favored France over California. Plaintiffs dismissed their subrogation claim and opposed the motion.

After full briefing and argument, the trial court stayed the action to enable the parties to litigate in France. The court found AXA Policy's forum selection clause to be controlling, and alternatively concluded that the balance of factors supports litigation in France.

Plaintiffs timely appealed.

## DISCUSSION

The doctrine of forum non conveniens empowers a court to stay or dismiss a "transitory cause of action" that it believes "may be more appropriately and justly tried elsewhere." (*Animal Film, LLC v. D.E.J. Productions, Inc.* (2011) 193 Cal.App.4th 466, 471 (*Animal Film*); Code Civ. Proc., § 410.30, subd. (a) [codifying doctrine; and authorizing stay or dismissal where "the interest[s] of substantial justice" dictate a different forum].) The contours of the doctrine turn on whether there is an applicable contractual provision that requires litigation in a specified forum (a so-called "forum selection clause"). Where no such clause applies, a court may halt a California action only after "weighing . . . a gamut of factors of public and private convenience." (*Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1683.) However, where a forum selection clause mandates litigation in a particular forum, the court should defer to the selected forum as long as doing so would not be "unreasonable"—that is, unless the designated forum "would be unavailable or unable to accomplish substantial justice or that no rational basis exists for the choice of forum." (*Intershop Communications AG v. Superior Court* (2002) 104 Cal.App.4th 191, 198-199 (*Intershop Communications AG*).) In such cases, no "analysis of convenience" is necessary. (*Id.* at p. 196.)

AXA Policy contains a forum selection clause which, translated into English, provides: "Any litigation regarding the application of this contract shall be subject to

3

French law and jurisdictions."[2] This language is mandatory, not permissive. (*Animal Film*, *supra*, 193 Cal.App.4th at p. 472.) Moreover, no one has argued that the French courts are either unavailable or unable to litigate this action. (*Intershop Communications AG*, *supra*, 227 Cal.App.4th at pp. 199-200.) Not surprisingly, plaintiffs conceded below that, if applicable, this clause would support the trial court's ruling.

Plaintiffs nevertheless contend that this clause does not apply, and their argument has two parts. First, plaintiffs assert that AXA Policy has a second, narrower forum selection clause that supersedes the above-cited clause. Second, plaintiffs contend that this narrower clause applies only to "dispute[s] between the Insured and the Insurer"— and, by negative implication, does not reach disputes involving third parties who are suing solely for contribution (rather than subrogation). The first part turns on contractual interpretation, and the second on questions of law; our review of both is de novo. (*Animal Film*, *supra*, 193 Cal.App.4th at p. 471 [interpretation of contracts]; *Intershop Communications AG*, *supra*, 104 Cal.App.4th at pp. 196, 199 [applicability of forum selection clause is a question of law]; *American Nurse Assn. v. Torlakson* (2013) 57 Cal.4th 570, 575 [questions of law reviewed de novo].)

We reject the first part of plaintiffs' argument. The forum selection clause cited above is located in the section of AXA Policy entitled "General Conditions." AXA Policy has a separate section entitled "Special Conditions" which, among other things, contains a separate forum selection clause specifying that: "Any dispute between the Insured and the Insurer arising from the interpretation of the clauses and conditions of the contract will be subject only to French Law and will be under the exclusive jurisdiction of the French Courts, even if a dispute concerns an insured domiciled or headquartered outside of France."

Plaintiffs assert that the forum selection clause in the "Special Conditions" section displaces the one in the "General Conditions" section. But the plain language of AXA Policy dictates otherwise. We must construe an insurance policy, like any other contract,

---

[2]     The parties have agreed to accuracy of the translations.

4

by looking to the contract as a whole (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1265), and by giving effect to every provision (Code Civ. Proc., § 1641). AXA Policy specifies that the Special Conditions supersede the General Conditions only if the Special Conditions "are more restrictive for the Insured, or in the event of disagreement or incompatibility." Here, the Special Condition clause is neither more restrictive for Connex (the insured) nor incompatible with the General Condition's clause. Indeed, they point to the same forum—France. The Special Condition clause is, at most, a belt to the suspenders of the General Condition clause. Plaintiffs argue that this reading renders the Special Condition clause superfluous, but it does not. The General Condition clause continues to operate as a default provision that can be specifically overridden elsewhere in AXA Policy; it just was not overridden here. The General Condition clause therefore applies, and mandates that litigation occur in France.

We alternatively reject the second part of plaintiffs' argument. Plaintiffs are not a party to AXA Policy, but forum selection clauses can bind a third party plaintiff if that plaintiff is "'closely related to the contractual relationship.'" (*Net2Phone, Inc. v. Superior Court* (2003) 109 Cal.App.4th 583, 588 (*Net2Phone*).) In this situation,[3] a third party plaintiff is "'closely related'" if it "stands in the shoes of those whom it purports to represent" by "assert[ing] the rights of those who *are* parties to the contract." (*Id.* at p. 589.) As plaintiffs frankly admit, their entitlement to relief hinges on whether Connex has a right to payment under AXA Policy.

Plaintiffs nevertheless respond that insurance law draws a distinction between claims for subrogation and claims for contribution, and provides that a third party

---

[3]    We are not dealing in this case with a third party defendant who is seeking to *enforce* a forum selection clause against a plaintiff who signed the contract containing the clause. In that situation, courts also apply a "closely related" test, but seem to focus on the third party's *standing* to enforce the clause. (E.g., *Bugna v. Fike* (2000) 80 Cal.App.4th 229, 233-235; *Bancomer v. Superior Court* (1996) 44 Cal.App.4th 1450, 1458-1462.) Whether a different definition of the "closely related" test exists in this context, and whether such a test is warranted, are questions we have no occasion to reach in this case.

5

plaintiff stands in the shoes of the insured only in subrogation claims. (*Travelers Casualty & Surety Co. v. American Equity Ins. Co.* (2001) 93 Cal.App.4th 1142, 1151.) We recognize this distinction between claims for contribution and subrogation, but reject the notion that this distinction is dispositive of whether a non-party plaintiff is "closely related" to a contract so as to be bound by its forum selection clause. We do so for two reasons.

First, where, as here, the issue is whether a forum selection clause applies, what matters most is whether the non-party plaintiff is, as *Net2Phone* put it, "assert[ing] the rights of those who are parties to the contract." (*Net2Phone*, *supra*, 109 Cal.App.4th at p. 589; accord, *Bugna v. Fike* (2000) 80 Cal.App.4th 229, 235 ["The key to the closely related test is whether the nonsignatories were close to the contractual relationship, . . . [which] makes sense because the forum selection clause is part of the underlying contract . . ."].) Subrogation claims are not the only types of claims that turn on a plaintiff's right to enforce a contract; contribution claims can, too. (See *American Continental Ins. Co. v. American Casualty Co.* (2001) 86 Cal.App.4th 929, 937 ["'other insurers'" obligation to pay under a contract is a common ingredient of contribution claims].) Indeed, in *Great American West v. Safeco Ins.* (1990) 226 Cal.App.3d 1145, 1149-1151, the court held that a contractually negotiated limitations period applied to a third party plaintiff pursuing a contribution claim. Thus, *Net2Phone*—a case having nothing to do with insurance—used the phrase "standing in the shoes" in its colloquial sense, not as a term of art.

Second, a rule that makes the applicability of a forum selection clause turn on which cause of action is alleged empowers third parties to a contract to sidestep undesirable clauses by picking and choosing causes of action, as plaintiffs tried to do in this case by dismissing their subrogation claim.

We further reject plaintiffs final contention that *Colonia Ins. Co. v. Assuranceforeningen Skuld* (Fla.Ct.App. 1991) 588 So.2d 1009 (*Colonia*) requires us to reverse the trial court's order. In *Colonia*, a Florida appellate court, in a two-to-one decision, refused to enforce a forum selection clause against a non-party asserting a

6

subrogation claim.  (*Id.* at p. 1010.)  *Colonia* is inconsistent (1) with California law insofar as it contradicts *Net2Phone*'s holding that non-parties "standing in the shoes" of parties are bound by forum selection clauses, and (2) with plaintiffs' own litigation position that subrogation claims *are* subject to forum selection clauses.  We decline to follow *Colonia.*

In light of our conclusion that the forum selection clause applies, we need not weigh the competing merits of litigation in California or France.

### DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to AXA.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT

We concur:


_____, P. J.

BOREN


_____, J.

CHAVEZ

7