Filed 10/1/15  Taylor v. California Voices CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CHARLES S. TAYLOR,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA VOICES, LLC et al.,<br><br>        Defendants and Respondents. | A142268<br><br>(San Mateo County<br>Super. Ct. No. CIV527022) |

Plaintiff Charles S. Taylor appeals from an order dismissing his lawsuit against defendants California Voices, LLC (California Voices) and Craig T. Donato (collectively, defendants) after the trial court held that a forum selection clause contained in his employment agreement requires his claims to be brought in Pennsylvania.  We affirm.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

California Voices is a duly organized limited liability company existing under the laws of Delaware.  It is a wholly owned subsidiary of QVC, Inc. (QVC), which is headquartered in West Chester, Pennsylvania.

On July 1, 2011, plaintiff was hired by Oodle.com (Oodle) to be the company's chief revenue officer.  In that capacity, he reported to Donato, who was the cofounder and president of the company.  The company's office was located in San Mateo.

In November 2012, Donato told plaintiff he was negotiating an asset sale of Oodle to QVC.  Donato was to become a vice-president of a new entity called California Voices, and was authorized by QVC to negotiate a package to retain plaintiff.  Donato

offered plaintiff the following terms of employment, contingent on plaintiff staying with the company for one year following the acquisition date: (1) A base salary of $250,000, (2) a $50,000 annual bonus from QVC, (3) a $62,500 long-term incentive payment, (4) a $15,000 matching 401k contribution, (5) a $20,000 signing bonus, and (6) a $75,000 retention bonus at the end of the first year.

On December 12, 2012, plaintiff signed an employment agreement (Agreement) with California Voices, reflecting the compensation described above. Among its terms, the Agreement provides: "[Plaintiff] and California Voices hereby irrevocably consent to the exclusive jurisdiction of the state courts of the Commonwealth of Pennsylvania, Chester County and United States Federal Courts for the Eastern District of Pennsylvania in all matters arising hereunder or out of the transactions contemplated hereby, and agree that such matters may only be brought in such courts." The Agreement also states that it is to be interpreted and construed under Pennsylvania law.

Plaintiff began working for California Voices on January 1, 2013, and continued to work there until the company involuntarily terminated his employment without cause on January 3, 2014.

On February 25, 2014, plaintiff filed a complaint against defendants for breach of contract, violations of the California Labor Code, wrongful termination in violation of public policy, and fraud. He sought to recover $112,500 under the terms of the Agreement, comprised of the annual bonus payment ($50,000) and the long-term incentive payment ($62,500).

On April 1, 2014, defendants filed a motion to dismiss under Code of Civil Procedure section 410.30, subdivision (a), claiming the Agreement required plaintiff's action to be brought in Pennsylvania rather than in California.[1] Plaintiff opposed the motion, arguing the proper forum was California because the Agreement's forum

---

[1] Code of Civil Procedure section 410.30, subdivision (a), provides: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

selection clause violates public policy in that its enforcement would result in a waiver of his rights under the California Labor Code. He also asserted defendants had failed to provide evidence as to whether his rights would be diminished by the application of Pennsylvania law.

In their reply brief, defendants challenged plaintiff's public policy argument, contending his lawsuit did not constitute an action to recover earned wages under Labor Code section 201. They also challenged his assertion that they bore the burden of proof, and cited to Pennsylvania statutes purportedly showing plaintiff's substantive rights would not be diminished under that state's law.

On May 6, 2014, the trial court granted the motion and dismissed the action. Its written order explained that enforcement of the forum selection clause did not violate public policy, "particularly when a review of the applicable Pennsylvania labor codes show that they afford similar rights and remedies as California labor codes."

On May 23, 2014, the trial court filed its judgment in favor of defendants. This appeal followed.

## DISCUSSION

### I. Standard of Review

#### A. The De Novo Standard Does Not Apply

Plaintiff asserts the standard of review in this case is de novo. As he notes, the trial court's ruling states: "Based upon the plain language of the contract, this Court concludes as a matter of law that the forum selection clause is mandatory." Because this sentence includes the phrase "as a matter of law," plaintiff claims we must apply the de novo standard to our review of the court's ruling in favor of defendants. Not so. The quoted language refers only to the lower court's designation of the forum selection clause itself as being "mandatory" and not "permissive," not to whether the clause itself mandated dismissal of the lawsuit.

"A forum selection clause is either mandatory or permissive. A clause is mandatory if it requires the parties to litigate their disputes exclusively in the designated forum, and it is permissive if it merely requires the parties to submit to jurisdiction in the

3

designated forum. A permissive forum selection clause is subject to traditional forum non conveniens analysis to determine whether the designated forum is a suitable alternative forum and whether the balancing of various private and public interest factors favors retaining the action in California. These traditional forum non conveniens factors are not considered when a mandatory forum selection clause exists. [Citations.]" (*Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 147, fn. 2 (*Verdugo*.) When no conflicting extrinsic evidence has been presented, *the interpretation* of a forum selection clause is a legal question we review de novo. (*Animal Film, LLC v. D.E.J. Productions, Inc.* (2011) 193 Cal.App.4th 466, 471.)

As defendants correctly note, plaintiff does not challenge the lower court's finding that the Agreement's forum selection clause is mandatory rather than permissive. Thus, the issue is waived on appeal. (See *Gombiner v. Swartz* (2008) 167 Cal.App.4th 1365, 1374–1375.) Regardless, the clause at issue here unambiguously identifies Pennsylvania as the exclusive forum: "You and California Voices hereby irrevocably consent to the *exclusive jurisdiction* of the state courts of the Commonwealth of Pennsylvania . . . ." (Italics added.) Courts have found similar language created mandatory forum provisions. (See, e.g., *Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, 1294 (*Olinick*) [" 'The parties agree to the exclusive jurisdiction and venue of the Supreme Court of the State of New York for New York County and/or the United States District Court for the Southern District of New York for the resolution of all disputes arising under this Agreement.' "]; *CQL Original Products, Inc. v. National Hockey League Players' Assn.* (1995) 39 Cal.App.4th 1347, 1358 (*CQL Products*) [" '[A]ny claims arising hereunder shall, at the Licensor's election, be prosecuted in the appropriate court of Ontario[, Canada].' "]).

### B. We Undertake Review Under the Abuse of Discretion Standard

The case authority is divided with regard to the appropriate standard of review for a motion to enforce a forum selection clause. At least two appellate courts have applied a substantial evidence standard of review. (See, e.g., *CQL Products, supra,* 39 Cal.App.4th at p. 1354; *Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th

1666, 1680.) The majority of courts, however, have reviewed a trial court's decision to enforce a forum selection clause for abuse of discretion. (See, e.g., *Schlessinger v. Holland America* (2004) 120 Cal.App.4th 552, 557; *America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 7–9 (*America Online*); *Bancomer, S. A. v. Superior Court* (1996) 44 Cal.App.4th 1450, 1457.) We apply the standard adopted by the majority and review the trial court's decision in this case for an abuse of discretion.

## II.     *General Principles*

Defendants correctly note that contractual forum selection clauses are usually enforced in California regardless of the inherent additional expense and inconvenience of litigating claims in a distant forum, unless the party challenging enforcement of the clause can show it is unreasonable. (*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 495–496 (*Smith*).) *Smith* expressly applied this rule to an agreement where, in a commercial context, a plaintiff "freely and voluntarily negotiated away his right to a California forum." (*Id.* at p. 495.) In the employment context, the same rule has been applied to mandatory forum selection clauses where employment discrimination claims are presented, so long as the plaintiff has an adequate remedy in the selected forum. (*Olinick, supra,* 138 Cal.App.4th at p. 1301.)[2]

Nonetheless, "California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy." (*America Online, supra,* 90 Cal.App.4th at p. 12; see *Intershop Communications AG v. Superior Court* (2002) 104 Cal.App.4th 191, 200 (*Intershop*) ["a forum selection clause will not be enforced if to do so would bring about a result contrary to the public policy of this state"]; *CQL Products, supra*, 39 Cal.App.4th at p. 1354; *Hall v. Superior Court* (1983) 150 Cal.App.3d 411, 416–418.)

---

[2] In *Olinick,* the court rejected a claim that California's public policy against age discrimination would be violated by a contractual requirement for litigation in New York, where there was no showing that the selected forum would not provide an adequate remedy for his claim. (*Olinick, supra*, 138 Cal.App.4th at pp. 1303, 1306.)

5

The party opposing enforcement of a forum selection clause ordinarily "bears the 'substantial' burden of proving why it should *not* be enforced." (*Global Packaging, Inc. v. Superior Court* (2011) 196 Cal.App.4th 1623, 1633, original italics; *Intershop, supra*, 104 Cal.App.4th at p. 198.) That burden, however, is reversed when the claims at issue are based on unwaivable rights created by California statutes. In that situation, the party seeking to enforce the forum selection clause bears the burden to show litigating the claims in the contractually designated forum " 'will not diminish in any way the substantive rights afforded . . . under California law.' [Citation.]" (*Verdugo, supra,* 237 Cal.App.4th at pp. 147–148.) As we discuss below, the burden here did not shift to defendants because plaintiff's claims arise out of breach of contract and are not based on unwaivable statutory rights contained in the Labor Code.

## III. *The Trial Court Did Not Abuse Its Discretion*

Plaintiff argues the trial court erred when it granted defendants' motion to dismiss without accounting for Labor Code section 219, which states, in part, that "no provision of this article [relating to the time, amount, and method of paying wages] can in any way be contravened or set aside by a private agreement, whether written, oral, or implied." (Lab. Code, § 219, subd. (a).) He maintains that in enacting this statute, "the California Legislature determined that a clause in a private contract that prevents the application of the Labor Code provisions at issue in this case to be void as contrary to California public policy." To support his claim he relies on *America Online, supra,* 90 Cal.App. 4th 1, a case that did not concern Labor Code section 219.[3]

A more recent case—filed after plaintiff submitted his reply brief—that is closer to our facts is *Verdugo, supra*, 237 Cal.App.4th 141. In *Verdugo,* the Court of Appeal held that the employer defendant bore the burden to show litigating wage and hour claims in the contractually designated forum of Texas would not diminish in any way the plaintiff's

---

[3] *America Online* addressed the California Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.). Section 1751 of that act makes any attempt to waive the statute void. (See *America Online, supra,* 90 Cal.App.4th at pp. 14–15 [forum selection clause not enforced based on Civ. Code, § 1751].)

substantive rights under California law, which the court found could not be waived under Labor Code section 219. Because the employer in that case could not establish that a Texas court would have applied California law, the court found it failed to show that enforcing the forum selection clause would not diminish the employee's unwaivable statutory rights. (*Id.* at pp. 160–161.)

Unlike the present case, in *Verdugo*, *supra*, 237 Cal.App.4th 141, all of the plaintiff's claims were based on Labor Code provisions pertaining to when and how employers must (1) pay overtime and other forms of compensation, (2) provide meal and rest breaks, and (3) provide accurate wage statements to all California employees. (*Verdugo*, at p. 146.) The statutory provisions also established specific remedies for an employer's violation of these provisions, including recovery of unpaid wages, interest, civil penalties, and attorney fees. The *Verdugo* court found all of the rights and remedies at issue were based on claims that Labor Code section 219 declares unwaivable. (*Verdugo*, at p. 153.) Because the defendant's Texas forum selection clause did not stipulate to the application of California law, the court found enforcement of the clause would result in the diminishment of the plaintiff's statutory rights. (*Id.* at p. 154.)

Defendants persuasively argue that plaintiff here is seeking to recast his breach of contract claim as a Labor Code violation in order to evade the effects of the forum selection clause. They note the contractual nature of the complaint's allegations are reflected in the first cause of action for breach of contract, and are incorporated by reference into each of his other causes of action, including his cause of action alleging violations of the Labor Code. Additionally, the contractual focus is evident from the damages he seeks to recover. For example, he does not claim defendants owe him unpaid salary or accrued vacation. Rather, he asserts defendants did not pay him a bonus and a long-term incentive payment, both of which obligations arise solely from the negotiated terms of the parties' Agreement.

We find the present case to be closer to the facts of *Intershop, supra,* 104 Cal.App.4th 191, a case in which the plaintiff also relied on Labor Code section 219 to oppose enforcement of a forum selection clause. *Intershop* involved an employee's

7

claim against his former employer for breaching a stock options exchange agreement that included a forum selection clause designating Germany as the exclusive forum for any litigation relating to the agreement. (*Intershop*, at p. 195.) The employee argued that Labor Code section 219 precluded the employer from enforcing the forum selection clause because the stock shares at issue were essentially unpaid wages. The *Intershop* court rejected that contention because the employee did not allege any claims under the Labor Code and also failed to explain how the stock options exchange agreement potentially violated any of the unwaivable statutory provisions identified in Labor Code section 219. (*Intershop*, at pp. 200–201.) The plaintiff thus failed to show "how any provision of the Labor Code relating to the time, place, and manner of paying wages was contravened by the [applicable] agreement." (*Intershop,* at p. 200.)

As defendants correctly observe, courts have held that contingent bonus payments are not "earned" wages under Labor Code section 200. (See *Neisendorf v. Levi Strauss & Co.* (2006) 143 Cal.App.4th 509, 521–524.) The *Neisendorf* court noted that nothing in California's public policy concerning wages transformed the plaintiff's "contingent expectation of receiving bonuses into an entitlement." (*Id.* at p. 522.) Here, under the Agreement, a precondition for plaintiff to earn the annual bonus was that he "must remain employed with California Voices through and including the date of payment of the Annual Bonus." Similarly, a precondition for the discretionary long-term incentive payment was both the "approval of the Board of Directors and Compensation Committee of Liberty Interactive Corporation," and satisfaction of the "terms of the applicable plans and grant agreements." Because the two payments are conditional, plaintiff's attempt to recast his breach of contract claim as a Labor Code wage violation is unconvincing. Moreover, he does not explain how his breach of contract cause of action fails to offer him an adequate remedy.

Even assuming Labor Code section 219 is implicated on these facts, defendants refer us to Pennsylvania statutes that parallel provisions of our state's Labor Code, which they claim demonstrate that enforcement of the forum selection clause will not result in a

significant diminution of plaintiff's rights.[4]  In his reply brief, plaintiff does not challenge defendants' characterization of Pennsylvania law.  Nor does he provide us with any authority to support his threshold claim that the labor laws of Pennsylvania would provide less protection than the California Labor Code.  " '[I]t is appellant's burden to affirmatively show error.  [Citation.]  To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error.' "  (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457.)  In sum, there is no indication on this record that adjudication of the claims presented in plaintiff's complaint in Pennsylvania would fail to provide him an adequate forum for redress or result in inadequate remedies.  We therefore conclude the trial court did not abuse its discretion in granting defendants' motion to dismiss.

## DISPOSITION

The judgment is affirmed.

---

[4] The statutes cited to include 43 P.S. sections 260.10 (liquidated damages for unpaid wages) and 260.9a(f) (award of attorney fees and costs).

_____
DONDERO, J.

We concur:


_____
MARGULIES, Acting P.J.


_____
BANKE, J.

A142268