[No. B222994. Second Dist., Div. One. Feb. 23, 2011.]

ANIMAL FILM, LLC, Plaintiff and Appellant, v.
D.E.J. PRODUCTIONS, INC., et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Dennis Holahan and Dennis J. Holahan for Plaintiff and Appellant.

Costa Abrams & Coate, Charles M. Coate and Darius Anthony Vosylius for Defendants and Respondents.

**OPINION**

**ROTHSCHILD, J.**—Appellant Animal Film, LLC (Animal), sued respondents D.E.J. Productions, Inc. (DEJ), and First Look Studios, Inc. (First Look), in Los Angeles County Superior Court for contract damages and an accounting related to the production of a motion picture. Based on a clause in the production agreement providing that Texas law governs the parties' rights and stating that the parties submit to jurisdiction in Texas, DEJ and First Look moved to stay or dismiss the action on forum non conveniens grounds, arguing that Texas is the proper forum for the case to be tried. The trial court agreed, first staying the action so Animal could file it in Texas and later dismissing it. We reverse, concluding that the Texas forum selection clause in the production agreement is permissive, not mandatory, and that the trial

court erred in determining under forum non conveniens principles that the action should be tried in Texas.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Animal's Complaint*

Animal, a California limited liability company with its principal place of business in Los Angeles, filed a complaint on September 10, 2009, in Los Angeles County Superior Court for breach of contract, breach of the implied covenant of good faith and fair dealing, and an accounting against DEJ and First Look, both Delaware corporations whose undisputed principal places of business are in Los Angeles.

According to the complaint, on September 24, 2004, Animal and DEJ entered into a written production agreement for the acquisition, financing, production, and distribution of a feature film titled "Animal." Under the production agreement, Animal agreed to produce and deliver the film to DEJ, and Animal's principal, movie actor Ving Rhames, agreed to star in it. DEJ agreed to finance the production by paying Animal the "Purchase Price" of $975,000. In addition, DEJ promised to pay Animal $250,000 as a "Producer Deferment" after DEJ recouped the Purchase Price, interest on the Purchase Price, and a distribution fee. DEJ also promised to pay Animal a percentage of the "Distributor Gross Receipts" as defined in the agreement. The production agreement required DEJ to account to Animal for the first calendar quarter in which DEJ received Distributor Gross Receipts and for every quarter thereafter for 24 months.

The complaint further alleges that Animal completed and delivered the film to DEJ in early 2005, that the film was released on DVD in the United States and the United Kingdom in the fall of 2005, and that it generated more than $3 million of gross income as of the end of 2006. When DEJ issued its first accounting statement, a year late, Animal demanded an audit. Auditors, retained by Animal, concluded that DEJ and First Look owed Animal at least $272,266 under the production agreement, but DEJ and First Look, which had acquired DEJ from Blockbuster, Inc., in 2005, refused to pay. Animal thus seeks from DEJ and First Look damages based on the terms of the production agreement, an accounting, audit costs, prejudgment interest, attorney fees, and costs.

### 2. *The Forum Non Conveniens Motion*

DEJ and First Look filed a motion to dismiss or stay the action on forum non conveniens grounds, arguing that the choice-of-law and forum selection

provision in the production agreement requires that the action be tried in Texas, not California. That provision states in bold capital letters: "**APPLICABLE LAW. THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS APPLICABLE TO AGREEMENTS MADE IN AND WHOLLY TO BE PERFORMED IN THAT JURISDICTION, AND THE PARTIES HERETO SUBMIT AND CONSENT TO THE JURISDICTION OF THE COURTS PRESENT IN THE STATE OF TEXAS IN ANY ACTION BROUGHT TO ENFORCE (OR OTHERWISE RELATING TO) THIS AGREEMENT.**"

In support of the motion, referring to this provision, First Look's chief executive officer, Trevor Short, who also is an officer of DEJ, stated in his declaration that First Look "does not agree to waive enforcement of the parties' bargained for forum selection contract." DEJ and First Look represented that Blockbuster, which is listed in the production agreement as a party to be copied on notices given to DEJ at its office in Dallas, sold DEJ to First Look and claimed that the Texas forum selection clause was included in the production agreement to protect Blockbuster from litigation outside of Texas.

In opposition to the motion, Animal argued that the forum selection clause is permissive only, and thus does not require trying the case in Texas, and that it would be inconvenient to litigate outside California because the parties, witnesses, location for performance of the production agreement, and the accounting documents are all in Los Angeles. Animal's counsel, Dennis Holahan, stated in a declaration that the audit of First Look was conducted in First Look's Los Angeles office and that the auditors who would testify at trial are in Los Angeles. Holahan also stated that Animal's principal, Rhames, lives in Los Angeles County and that Animal, which was formed in 2004 for purposes of producing the film, is a California resident. Animal argued that, because Blockbuster no longer owned DEJ and was not a party to the action, the connection to Texas was tenuous and that the forum selection clause was included because Blockbuster has its principal offices in Dallas.

## 3. *The Trial Court's Ruling*

The trial court ruled that the forum selection clause in the production agreement is permissive rather than mandatory. It concluded, however, that Texas is a suitable alternative forum and that the private and public interests weigh in favor of trying the action in Texas. Because the court ruled that California was not a convenient forum, it stayed the action and gave Animal two months to file the case in Texas. When, more than two months later, none of the parties appeared at a hearing in response to an order to show cause regarding dismissal, the court dismissed the action.

## DISCUSSION

1.  *Forum Non Conveniens Governing Law*

■ Forum non conveniens is an equitable doctrine, codified in Code of Civil Procedure section 410.30, under which a trial court has discretion to stay or dismiss a transitory cause of action that it believes may be more appropriately and justly tried elsewhere. (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751 [1 Cal.Rptr.2d 556, 819 P.2d 14] (*Stangvik*).) The inquiry is whether "in the interest of substantial justice an action should be heard in a forum outside this state . . . ." (Code Civ. Proc., § 410.30, subd. (a).)

■ In a contract dispute in which the parties' agreement contains a forum selection clause, a threshold issue in a forum non conveniens motion is whether the forum selection clause is mandatory or permissive. A mandatory clause ordinarily is "given effect without any analysis of convenience; the only question is whether enforcement of the clause would be unreasonable." (*Intershop Communications AG v. Superior Court* (2002) 104 Cal.App.4th 191, 196 [127 Cal.Rptr.2d 847].) But, if "the clause merely provides for submission to jurisdiction and does not expressly mandate litigation exclusively in a particular forum, then the traditional forum non conveniens analysis applies. [Citation.]" (*Ibid.*, citing *Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 358–360 [71 Cal.Rptr.2d 523] (*Berg*).) The existence of a permissive forum selection clause is one factor considered along with the other forum non conveniens factors in applying the traditional analysis. (*Berg*, at p. 359.)

2.  *Forum Selection Clause*

DEJ and First Look contend that the forum selection provision in the production agreement is mandatory, rather than permissive, as interpreted by the trial court. We agree with the trial court.

When, as here, no conflicting extrinsic evidence has been presented, the interpretation of a forum selection clause is a legal question that we review de novo. (*Intershop Communications AG v. Superior Court, supra,* 104 Cal.App.4th at p. 196.)

The forum selection clause in the production agreement between Animal and DEJ states that the parties *submit and consent to the jurisdiction* of the courts present in the state of Texas in any action brought to enforce (or otherwise relating to) this agreement. This clause resembles forum selection clauses that courts have held to be permissive because they provide for submission to jurisdiction in a particular forum without mandating it. (E.g.,

*Berg, supra,* 61 Cal.App.4th at p. 357 [" 'The company . . . has expressly *submitted to the jurisdiction* of the State of California and United States Federal courts sitting in the City of Los Angeles, California, for the purpose of any suit . . . arising out of this Offering.' " (italics added)]; *Southwest Intelecom, Inc. v. Hotel Networks Corp.* (Tex.Ct.App. 1999) 997 S.W.2d 322, 323, 325–326 [" 'The Parties *stipulate to jurisdiction and venue* in Ramsey County, Minnesota, as if this Agreement were executed in Minnesota.' " (italics added)].) Conversely, the clause lacks the language of exclusivity in forum selection clauses that courts have held to be mandatory. (E.g., *Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1672, fn. 4 [16 Cal.Rptr.2d 417] [" '[A]ny appropriate state or federal district court located in the Borough of Manhattan, New York City, New York *shall have exclusive jurisdiction* over any case of controversy arising under or in connection with this Agreement . . . .' " (italics added)]; see also *Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 494 [131 Cal.Rptr. 374, 551 P.2d 1206] [plaintiff agreed to bring all actions arising out of agency agreement only in Philadelphia]; *Furda v. Superior Court* (1984) 161 Cal.App.3d 418, 422, fn. 1 [207 Cal.Rptr. 646] [" 'Any controversy or claim arising out of or relating to this Agreement . . . *shall be litigated* either in a state court for Ingham County, Michigan, or in the U.S. District Court for the Western District of Michigan.' " (italics added)].) Because the forum selection clause here merely provides for submission to jurisdiction in Texas and does not mandate litigation exclusively in Texas, it *is* permissive, not mandatory. We, therefore, apply a traditional forum non conveniens analysis, considering the forum selection clause as one factor in the balancing of the private and public interests.

### 3. *Forum Non Conveniens Analysis*

■ In applying the traditional forum non conveniens analysis, the trial court must engage in a two-step process, on which the defendant bears the burden of proof. (*Stangvik, supra,* 54 Cal.3d at p. 751.) In the first step, the court must determine whether a suitable alternative forum exists. (*Ibid.*) If the court finds that a suitable alternative forum exists, it must then balance the private interests of the litigants and the interests of the public in retaining the action in California. (*Ibid.*)

#### a. *Suitable Alternative Forum*

" 'A forum is suitable if there is jurisdiction and no statute of limitations bar to hearing the case on the merits. [Citation.] "[A] forum is suitable where an action 'can be brought,' although not necessarily won." [Citation.]' [Citation.]" (*Roulier v. Cannondale* (2002) 101 Cal.App.4th 1180, 1186 [124 Cal.Rptr.2d 877].) The existence of a suitable alternative forum is a legal question that we review independently. (*Ibid.*)

In an effort to establish that jurisdiction exists in Texas, DEJ and First Look relied on the production agreement's Texas forum selection clause and the representations of First Look that it had assumed DEJ's contractual duties under the agreement. DEJ and First Look, however, did not expressly submit to jurisdiction in Texas, nor did they demonstrate that Texas would exercise jurisdiction over the dispute.[1] In addition, DEJ and First Look offered no evidence as to whether the statute of limitations in Texas would bar the action and did not expressly waive any statute of limitations defense in Texas. Whether DEJ and First Look intended to waive a statute of limitations defense but failed expressly to do so is not clear from the record. Thus, as to both jurisdiction and the statute of limitations, it does not appear that substantial evidence supports a finding that Texas is a suitable alternative forum. But, even assuming that Texas is a suitable alternative forum, the trial court abused its discretion in concluding that California is not a convenient forum.

### b. Balancing of Private and Public Interests

If the court determines that a suitable alternative forum exists, it must decide whether the private and public interests, on balance, favor retaining the action in California. "The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses." (*Stangvik, supra*, 54 Cal.3d at p. 751.) The residences of the plaintiff and the defendant are relevant, and a corporate defendant's principal place of business is presumptively a convenient forum. (*Id.* at pp. 754–755.) If the plaintiff is a California resident, the "plaintiff's choice of a forum should rarely be disturbed unless the balance is strongly in favor of the defendant. [Citations.]" (*Id.* at p. 754; see *Bechtel Corp. v. Industrial Indem. Co.* (1978) 86 Cal.App.3d 45, 51–53 [150 Cal.Rptr. 29].) The public interest factors include avoidance of overburdening California courts, protecting potential jurors who should not be called on to decide cases in which the local community has little concern, and weighing the competing ties of California and the alternate jurisdiction to the litigation. (*Stangvik*, at p. 751.) We review the trial court's balancing of the factors for abuse of discretion. (*Ibid.*)

Because in this case plaintiff is a California resident and both defendants have their principal places of business in this state, California presumptively

---

[1] On appeal, Animal requested judicial notice of the complaint in *Rin Tin Tin v. First Look Studios, Inc.*, United States District Court, Southern District of Texas (Houston), Case No. 4:08-cv-02853, as a basis to claim that First Look has not litigated voluntarily in Texas and would not necessarily consent to Texas jurisdiction in this case. We deny the request because the complaint is not necessary to resolution of this appeal.

is a convenient forum unless other private and public interests strongly militate against California as the appropriate forum. The balance of other private and public interests strongly supports selecting California as a convenient forum. The convenience of the parties, the witnesses and the location of the evidence all favor a California forum. Animal, DEJ, and First Look are all located in California. Rhames, Animal's principal, lives in Los Angeles County. The audit of First Look took place at First Look's Los Angeles office; the auditors who would testify at trial are located in Los Angeles; and DEJ's and First Look's accounting documents are located in their offices in Los Angeles. As a result, the central components of this dispute—the principal parties, the auditors, and DEJ's and First Look's accounting documents—are all in California.

DEJ and First Look, however, contend that some witnesses may be in Texas because Blockbuster, the previous owner of DEJ, has its offices in Dallas and may have received revenues from distribution of the film. But they presented nothing to demonstrate that a Texas witness or any evidence from Blockbuster will actually be needed at trial and thus did not satisfy their burden of producing evidence that is "sufficient to give the court the ability to soundly exercise its discretion" regarding that convenience factor. (*Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452, 1462 [51 Cal.Rptr.3d 301] [evidence sufficient to demonstrate convenience weighed in favor of forum outside of Cal. when discovery responses showed vast majority of almost 200 witnesses resided in Tex. and the decedent on whose behalf the suit was brought worked in Tex. for the vast majority of his career, where the chemical exposure allegedly took place]; see also *Bechtel Corp. v. Industrial Indem. Co., supra,* 86 Cal.App.3d at p. 48 [discretion under forum non conveniens analysis abused when order is not supported by substantial evidence].) Moreover, the inquiry is not whether any out-of-state witness or evidence might be needed, but whether, on balance, the location of the witnesses and evidence makes California an inconvenient forum. DEJ and First look also note that "a judgment could potentially be enforced in Texas," but do not explain how such potential would injure them if the action were tried in California, nor do we discern any injury from such potential.[2]

DEJ and First Look also contend that the forum selection clause favors Texas because the court should honor the former owner's bargained-for forum

---

[2] DEJ and First Look point out that the film was produced in Puerto Rico. This dispute, however, does not concern production of the film, but rather the division of profits, as defined in the production agreement, and thus centers on accounting documents located in Los Angeles. DEJ and First Look also note that Animal did not mention where Matthew Smith, who signed the production agreement on behalf of DEJ, is located. But DEJ and First Look, not Animal, held the burden of proof on this motion, and they produced no evidence that Matthew Smith is located outside California. Moreover, as discussed, the evidence demonstrates that the identified witnesses and evidence central to the dispute are in California.

selection of its home state. We disagree. First, the provision is permissive and not mandatory. Second, because Blockbuster is not a party, its convenience no longer weighs in favor of a Texas forum.

Regarding the public interest, DEJ and First Look maintain that, because the case will impose an undue burden on the California courts, it is against the public interest to allow the action to proceed in California. We disagree with the premise and thus reject the conclusion. This is a garden-variety contract dispute with only one plaintiff, two defendants and narrow issues. It will not unduly burden our courts.

DEJ and First Look nevertheless claim that the choice-of-law clause in the production agreement will place an undue burden on the trial court because it will have to ascertain Texas law. They point to several distinctions between Texas and California law. But for the most part the differences they describe are either procedural, and therefore governed by California law (*St. Louis-San Francisco Ry. Co. v. Superior Court* (1969) 276 Cal.App.2d 762, 766 [81 Cal.Rptr. 705]; 12 Cal.Jur.3d (2010) Conflict of Laws, § 100, p. 607), or unrelated to the contract and accounting issues in this action. In any case, California courts are able to and do routinely apply non-California law— federal law, the law of foreign countries, and the law of other states—when required by a choice-of-law provision. (*Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal.4th 459, 464–466 [11 Cal.Rptr.2d 330, 834 P.2d 1148] [Hong Kong law applies to defendants' demurrer because choice-of-law clause providing for Hong Kong governing law enforceable in Cal.]; *Guardian Savings & Loan Assn. v. MD Associates* (1998) 64 Cal.App.4th 309, 315–317 [75 Cal.Rptr.2d 151] [loan provision calling for application of Tex. law enforceable in Cal.].) And DEJ and First Look have not cited any authority, nor are we aware of any, that justifies staying or dismissing a case on forum non conveniens grounds simply because a California court must apply the law of another state.

Moreover, California has a significant interest in providing a forum for its residents and for resolving disputes between California-based businesses. (See *Great Northern Ry. Co. v. Superior Court* (1970) 12 Cal.App.3d 105, 113–115 [90 Cal.Rptr. 461] [forum non conveniens factors include whether transaction had substantial relationship to Cal. and whether Cal. has an interest in regulating the dispute].) This is not a dispute in which the local community has little concern. On the contrary, the dispute concerns the entertainment industry, a major participant in California's economy.

■ Because the forum selection provision in the production agreement is only permissive and the balancing of the private and public interests strongly

favors litigation in California, plaintiff's selected forum, the trial court abused its discretion in staying the action.[3]

## DISPOSITION

The order dismissing the action is vacated. The order granting the forum non conveniens motion and staying the action is reversed. Animal shall recover its costs on appeal.

Mallano, P. J., and Chaney, J., concurred.

---

[3] Before the trial court dismissed the action, Animal filed a timely notice of appeal of the order granting the forum non conveniens motions and staying the action. (See Code Civ. Proc., § 904.1, subd. (a)(3).) Because the trial court lost jurisdiction when the notice of appeal was filed (Code Civ. Proc., § 916, subd. (a); *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 [25 Cal.Rptr.3d 298, 106 P.3d 958]), we vacate the dismissal order entered while Animal's appeal was pending.