Filed 1/26/24  The Rushing Co. v. Caydon San Diego Property CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE RUSHING COMPANY, LLC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CAYDON SAN DIEGO PROPERTY, LLC, <br><br> Defendant and Respondent. | D081489 <br><br><br> (Super. Ct. No. 37-2022-00030947-CU-BC-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Matthew C. Braner, Judge.  Reversed and remanded.

CGS3, Gregory S. Markow and Salvatore Padula for Plaintiff and Appellant.

Glaser Weil Fink Howard Jordan & Shapiro, Elizabeth A. Sperling and Alaina Bird for Defendant and Respondent.

Claiming that defendant Caydon San Diego Property, LLC (Caydon) failed to pay for contracted engineering and design services on a land development project, plaintiff The Rushing Company, LLC (Rushing) filed a complaint seeking to foreclose on a previously recorded mechanics lien. Caydon filed a motion to dismiss or stay the action, arguing that the agreement attached to Rushing's complaint included a mandatory forum selection clause requiring the parties to litigate any dispute in Harris County, Texas. The trial court agreed, noting that Rushing failed to present evidence that the Harris County, Texas courts would be unable to fairly decide the dispute. After ordering a temporary stay to give Rushing an opportunity to re-file its action in Texas, the trial court dismissed the action.

The central issue in this appeal is the enforceability of the forum selection clause. We interpret the forum selection clause as permissive, which triggers a traditional forum non conveniens analysis. Caydon, as the moving party, failed to carry its burden to show the suitability of the alternative forum, and we independently conclude the Texas courts are not a suitable forum in this case. Texas courts are unable to exercise the requisite in rem jurisdiction over the property subject to the mechanics lien, and Rushing's mechanics lien foreclosure cause of action would be time-barred if re-filed in Texas.

Accordingly, we reverse the trial court's order and remand this matter to the San Diego Superior Court as the appropriate forum for resolving this litigation.

### FACTUAL AND PROCEDURAL BACKGROUND

In May 2022, after Caydon allegedly failed to pay for engineering and design work performed on the California Theater Project (Project) in

downtown San Diego, Rushing recorded a mechanics lien on the property in the amount of $195,638.40. Less than three months later, Rushing filed a complaint against Caydon asserting causes of action for breach of oral contract, foreclosure of mechanics lien, and quantum meruit.[1] Attached to the complaint were copies of an unsigned draft agreement (Agreement) purporting to confirm the terms and conditions of the parties' oral agreement and the recorded mechanics lien.

Caydon demurred to the complaint and concurrently filed a motion to dismiss, or, in the alternative, stay the action pursuant to Code of Civil Procedure section 410.30, subdivision (a).[2] Caydon's demurrer was based, in part, on the argument that Rushing lacked standing to bring any claim based on the Agreement because neither party to the litigation is a named party to the contract.[3] In its motion to dismiss, Caydon argued that to the extent Rushing had standing to sue, it was required to initiate its action in a Harris County, Texas court based on the Agreement's forum selection clause.

---

[1] The complaint contained in the record on appeal bears an August 4, 2022 file-stamp, but it was initially e-filed on August 2, 2022, and was subsequently "deemed filed" by the trial court on August 2, 2022.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated. Section 410.30, subdivision (a) states: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

[3] The draft agreement attached to Rushing's complaint is "by and between Caydon USA San Diego LLC . . . and Rushing, Inc." while the parties in the underlying action are named "The Rushing Company, LLC" and "Caydon San Diego Property, LLC."

3

After taking the matter under submission, the trial court granted the motion to stay or dismiss and overruled the demurrer as moot. The December 16, 2022 minute order stated in part: "The court will stay this case in its entirety once Plaintiff has refiled its case in a state or federal court sitting in Harris County, Texas. . . . If Plaintiff has not refiled its case by [January 27, 2023], the court will dismiss the case."[4] Rushing filed an appeal from the stay order.[5] (See § 904.1, subd. (a)(3).)

---

[4] The trial court did not rule on Caydon's request for judicial notice filed in support of its demurrer. Caydon seeks to renew part of that request on appeal, seeking judicial notice of Rushing invoices purportedly relevant to the demurrer that was overruled as moot. Although an appellate court may consider matters that are properly the subject of judicial notice (Evid. Code, § 459), the invoices and their contents are not judicially noticeable "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (*Id.*, § 452, subd. (h); see also *Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374-375 ["Taking judicial notice of a document is not the same as accepting the truth of its contents or accepting a particular interpretation of its meaning. [Citation.]]".) We likewise decline to accept and consider as unnecessary its reply brief in support of judicial notice.

[5] For reasons that are not clear from the record, on January 27, 2023, several weeks after the notice of appeal was filed, a different judge purported to stay the case pending appeal and then *dismissed* it without prejudice. Suffice it to say, the court had no jurisdiction to dismiss the case while the appeal was pending. (§ 916, subd. (a); *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 ["The purpose of the automatic stay provision of section 916, subdivision (a) 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The [automatic stay] prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.' [Citation.]]".)

DISCUSSION

Contracting parties often include choice of law, venue, and forum selection clauses in their written agreements to predetermine how and where potential future disputes will be resolved. According to Rushing, the parties entered into an *oral* agreement whose terms and conditions were confirmed by the unsigned draft Agreement. Caydon's demurrer disputed the existence of any contract between the parties. But for purposes of its concurrently filed motion to stay or dismiss, Caydon assumed Rushing's premise that if the parties had an oral agreement, the unsigned written Agreement reflected its terms.[6]

The Agreement states in section 13.15:

> **Law to Apply/Venue.** This Agreement shall be construed under and in accordance with the laws of the United States and laws of the state where the Project is located. Notwithstanding the foregoing, the Parties agree that venue for any dispute under this Agreement shall lie in the state courts or federal courts sitting in Harris County, Texas.

In this appeal, the parties vigorously dispute the scope and effect of section 13.15. Caydon asserts that the provision constitutes a mandatory forum selection clause and was properly enforced by the trial court to preclude litigating the dispute in San Diego. Rushing makes several contrary arguments. First, it maintains that the section is limited to venue selection. Second, it contends the trial court erred by interpreting the language as

---

[6] We limit the substance of our decision to reviewing the December 16 order granting Caydon's motion to stay or dismiss the action on the basis of an incorrect forum. Because that same order also overruled Caydon's demurrer to the complaint as moot without addressing the merits, we will reverse the order in its entirety with directions to recalendar the demurrer.

5

mandatory. Finally, even if the clause were mandatory, Rushing argues that it should not be enforced.[7]

A. *Section 13.15 Encompasses Both Venue and Forum Selection*

The parties presented no extrinsic evidence concerning the meaning of the Agreement, so we independently interpret its language. As the court explained in *Intershop Communications AG v. Superior Court* (2002) 104 Cal.App.4th 191, 196 (*Intershop*), "An appellate court is not bound by the trial court's construction of a contract when, as here, the interpretation is based solely upon the terms of the written instrument without any assessment of conflicting extrinsic evidence." (See also *Bushansky v. Soon-Shiong* (2018) 23 Cal.App.5th 1000, 1006 (*Bushansky*) [interpretation of a forum selection clause is a legal question subject to de novo review]; accord, *Animal Film, LLC v. D.E.J. Productions, Inc.* (2011) 193 Cal.App.4th 466, 471 (*Animal Film*) ["When, as here, no conflicting extrinsic evidence has been presented, the interpretation of a forum selection clause is a legal question that we review de novo."].)

A venue selection clause is "purely an intrastate issue involving the selection of a county in which to hold the trial." (*Alexander v. Superior Court*

---

7    When granting Caydon's motion to dismiss, the trial court apparently assumed, without deciding, the existence of the Agreement between the parties. (See *Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 209 [at the demurrer stage, the truth of the allegations in the complaint are assumed]; see also *Lu v. Dryclean-U.S.A. of California, Inc.* (1992) 11 Cal.App.4th 1490, 1494 [an unsigned agreement does not necessarily render a forum selection clause unenforceable].) We express no opinion on whether the Agreement is valid and enforceable, and if so, on what terms. (See *Vita Planning & Landscape Architecture, Inc. v. HKS Architects, Inc.* (2015) 240 Cal.App.4th 763, 764 [it is for the trier of fact to determine whether the contract did in fact exist where " ' " 'the evidence is conflicting or admits of more than one inference' " ' "].)

(2003) 114 Cal.App.4th 723, 727.) A forum selection clause, by contrast, reflects the parties' choice of a court from among different states or a place of jurisdiction. (*Ibid.*) Under the circumstances of this case, the relevant clause in the Agreement does both. By referencing solely "the state courts or federal courts sitting in Harris County, Texas," the Agreement specifies both a forum (Texas) and a specific venue (Harris County).[8] We therefore reject Rushing's contention that it is limited to designating venue.

## B. *The Forum Selection Clause Is Permissive*

The mere presence of a forum selection clause in an agreement does not automatically prevent a different court from exercising jurisdiction. (See *M/S Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 12.) And the extent to which it does often depends on whether the clause is characterized as "mandatory" or "permissive." (*Intershop, supra*, 104 Cal.App.4th at p. 196.) If the clause is mandatory, it "will ordinarily be given effect without any analysis of convenience," the only question being "whether enforcement of the clause would be unreasonable." (*Ibid.*) "On the other hand, when the clause merely provides for submission to jurisdiction *and does not expressly mandate litigation exclusively in a particular forum*, then the traditional forum non

---

[8] Under different circumstances, a clause might be properly interpreted as specifying the specific venue within a court's territorial jurisdiction only *if* that court could properly exercise personal jurisdiction over the defendant. This was the situation in *Global Packaging, Inc. v. Superior Court* (2011) 196 Cal.App.4th 1623, where the parties' agreement provided for venue alternatively in either (a) the California county where the seller was located, or (b) the location where the product was being used. (*Id.* at p. 1627.) Understandably, the court concluded that this language did not reasonably indicate the buyer was agreeing to jurisdiction in California that was not otherwise constitutional. (*Id.* at p. 1634.)

conveniens analysis applies." (*Ibid.*, italics added; accord, *Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 147, fn. 2 (*Verdugo*).)

Here, the trial court interpreted section 13.15 as mandatory. And on appeal, Caydon relies on three cases to defend that ruling. Caydon's imprecise comparisons are unavailing, and we find the forum selection language in all three cases materially distinguishable.

In *Docksider, Ltd. v. Sea Technology, Ltd.* (9th Cir. 1989) 875 F.2d 762, 764, the relevant clause includes language indicating the parties' intent to exclusively litigate in Virginia—" 'venue of any action brought hereunder *shall be deemed* to be in . . . Virginia.' " (Italics added.) Similarly, the clause in *CQL Original Products, Inc. v. National Hockey League Players' Assn.* (1995) 39 Cal.App.4th 1347, 1352, 1358 expressly references the parties' agreement to defer to one party's "election" and includes language indicating its mandatory nature—" 'any claims arising hereunder *shall*, at the Licensor's *election*, be *prosecuted* in the appropriate court of Ontario.' " (Italics added.) Section 13.15 contains no such similar language. Finally, in *Intershop,* the court construed the applicable language—" '[t]o the extent permitted by the applicable laws the parties *elect* Hamburg to be the place of jurisdiction' "—as indicating the parties' agreement that Hamburg, Germany would be the only forum, and the record in that case contained undisputed evidence that the forum selection clause would be mandatory under German law. (*Intershop, supra,* 104 Cal.App.4th at p. 196, italics added.) Unlike the clause in *Intershop,* section 13.15 does not reflect any "election" by these parties to make the Texas courts in Harris County as the exclusive forum as long as it is permissible under Texas law.

Other forum selection clauses construed to be mandatory include some type of language indicating the exclusivity of a particular forum. (See, e.g.,

*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 494 [plaintiff agreed to bring all actions arising out of agency agreement only in Philadelphia]; *Bushansky, supra*, 23 Cal.App.5th at p. 1011 [" '*to the fullest extent permitted by law*, the Court of Chancery of the State of Delaware . . . *shall* be the *sole and exclusive* forum . . . for *any* derivative action' " (original italics)]; *Verdugo, supra*, 237 Cal.App.4th at p. 146 [" 'The parties agree that proper subject matter and personal jurisdiction shall be had *solely* in [the] State of Texas.  The *sole* venue for disputes arising hereunder shall be in Harris County, Texas.' "  (Italics added.)]; *Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1672, fn. 4 [" '[A]ny appropriate state or federal district court located in the Borough of Manhattan, New York City, New York shall have *exclusive* jurisdiction over any case of controversy arising under or in connection with this Agreement.' " (Italics added.)].)  Unlike the contract language in all these cases, section 13.15 contains no such exclusivity language and more closely resembles "forum selection clauses that courts have held to be permissive because they provide for submission to jurisdiction in a particular forum without mandating it."  (See, e.g., *Animal Film, supra*, 193 Cal.App.4th at pp. 471-472; cf. *id.* at p. 470 ["the parties hereto submit and consent to the jurisdiction of the courts present in the state of Texas in any action brought to enforce (or otherwise relating to) this agreement" (boldface & capitalization omitted)]; *Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 357 [" '[t]he company [MTC] has expressly submitted to the jurisdiction of the State of California and United States Federal courts sitting in the City of Los Angeles, California, for the purpose of any suit, action or proceedings arising out of this Offering' "]; *Hunt Wesson Foods, Inc. v. Supreme Oil Co.* (9th Cir. 1987) 817 F.2d 75, 76-77 ["[t]he courts of

9

California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract"].)

We independently interpret the language—"venue for any dispute . . . shall lie in the state courts or federal courts sitting in Harris County, Texas"—as permissive.[9] The language reflects the parties' agreement to submit to the jurisdiction of the Harris County, Texas courts, but does not unequivocally require that litigation proceed *exclusively* in those courts.

C. *Texas Courts Are Not a Suitable Alternative Forum*

Having determined the forum selection clause is permissive, we apply a traditional forum non conveniens analysis. The first step in this analysis is to determine whether the Texas courts constitute a "suitable" alternative forum.

Caydon, as the moving party, bore the burden to show the availability of a suitable alternative forum. (*Stangvik v. Shiley, Inc.* (1991) 54 Cal.3d 744, 751 ["On a motion for forum non conveniens, the defendant, as the moving party, bears the burden of proof."].) Rather than assume this

---

[9] In light of our conclusion, it is unnecessary for us to decide whether section 13.15 could be enforced had we determined it was a mandatory forum selection clause. We note, however, that even with respect to a mandatory clause, the party seeking to enforce the clause "has the burden to show enforcement would not diminish unwaivable California statutory rights . . . ." (*Verdugo, supra*, 237 Cal.App.4th at pp. 144-145.) Here, California's statutory mechanics lien rights are rooted in the California Constitution (art. XIV, § 3) and cannot be waived absent a written statement reflecting full payment of the claim. (See Civ. Code, § 8124; accord, *Wm. R. Clarke Corp. v. Safeco Ins. Co.* (1997) 15 Cal.4th 882, 889 ["[U]nder our mechanic's lien law, waiver and release of [payment bond] rights is permitted only in conjunction with payment, or a promise of payment, and a conditional release is effective only if the claimant is actually paid."].)

obligation, Caydon attempted to shift the burden to Rushing to show the Texas courts were unavailable or unable to accomplish substantial justice. Caydon argued, "Appellant provided no evidence establishing that courts in Harris County, Texas were unavailable or unable to accomplish substantial justice in this straightforward breach of contract action." After concluding the forum selection clause was mandatory, the trial court bypassed the traditional forum non conveniens analysis and erroneously placed the burden on Rushing to establish that enforcement of the forum selection clause was unreasonable.

We independently conclude the Texas courts are not a suitable alternative forum in this case. (See *Animal Film, supra*, 193 Cal.App.4th at p. 472 ["The existence of a suitable alternative forum is a legal question that we review independently."].) "A forum is suitable if there is jurisdiction and no statute of limitations bar to hearing the case on the merits. [Citation.]" (*Chong v. Superior Court* (1997) 58 Cal.App.4th 1032, 1036-1037.) Texas fails on both counts.

First, the Texas courts lack the power to resolve Rushing's mechanics lien foreclosure action. (See *Haga v. Thomas* (Tex.Ct.App. 2013) 409 S.W.3d 731, 737 [" 'It is the settled law of this State, as well as the law generally, that the title to real property is exclusively subject to the government within whose territory it is situated.' "]; *Miller v. Miller* (Tex.Ct.App. 1986) 715 S.W.2d 786, 788 ["[t]he courts of [Texas] are without power or jurisdiction to adjudicate title to land in another state."]; see also *Central Bank v. Superior Court* (1973) 30 Cal.App.3d 913, 917 ["An action to foreclose a mechanics' lien, like a mortgage foreclosure, is an *in rem* action and is local in nature; the plaintiff is resorting primarily to the security for the payment of

11

the indebtedness"]; *Hardy v. Hardy* (1958) 164 Cal.App.2d 77, 79 ["a court of one state cannot directly affect title to land in another"].)

Second, if Rushing were to re-file in Texas, its mechanics lien foreclosure action would be statutorily time-barred. (Civ. Code, § 8460, subd. (a) ["The claimant shall commence an action to enforce a lien within 90 days after recordation of the claim of lien. If the claimant does not commence an action to enforce the lien within that time, the claim of lien expires and is unenforceable."].) Although Caydon acknowledges the Agreement calls for the application of California law, it fails to offer any legal authority or explanation that would allow Rushing's foreclosure action to proceed in Texas notwithstanding the strict statutory time limitation.

Unless a suitable alternative forum is available, an action is not subject to dismissal. (Judicial Council of Cal., com., reprinted at 14A West's Ann. Code Civ. Proc. (2022 ed.) foll. § 410.30, p. 450 ["[T]he suit will be entertained, no matter how inappropriate the forum may be, if the defendant cannot be subjected to jurisdiction in other states. The same will be true if the plaintiff's cause of action would elsewhere be barred by the statute of limitations . . . ."].) Our conclusion on this threshold inquiry requires reversal of the trial court's order.

Having determined the Texas courts are not a suitable alternative forum, we need not proceed with the next step in the traditional forum non conveniens analysis—balancing the private and public interest factors. (See *Animal Film, supra*, 193 Cal.App.4th at p. 472 ["*If* the court finds that a suitable alternative forum exists, it must then balance the private interests of the litigants and the interests of the public in retaining the action in California."] (Italics added.).)

12

## DISPOSITION

The December 16, 2022 order is reversed, and this matter is remanded to the trial court to lift the stay, vacate the dismissal, and conduct further proceedings consistent with this opinion, including recalendaring Caydon's demurrer that was previously overruled as moot.  Rushing is entitled to recover its costs on appeal.  (See Cal. Rules of Court, rule 8.278(a)(1).)

DATO, Acting P. J.

WE CONCUR:

DO, J.

CASTILLO, J.