Filed 1/23/26  BayWa r.e. Wind v. RSG Underwriting Managers CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| BAYWA R.E. WIND, LLC,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>RSG UNDERWRITING MANAGERS, LLC, et al.,<br><br>Defendants and Respondents. | B337522<br><br>(Santa Barbara County Super. Ct. No. 24CV00202) |

APPEAL from a judgment of the Superior Court of Santa Barbara County, Jed Beebe, Judge. Affirmed.

Saxe Doernberger & Vita, Jeremiah M. Welch, William S. Bennett, Melanie A. McDonald and Kyle A. Rudoph for Plaintiff and Appellant.

Clyde & Co US, James Koelzer, Douglas J. Collodel and David Ktshozyan for Defendant and Respondent AGCS Marine Insurance Company.

Dentons US, Natalie M. Limber and Sonia Martin for Defendant and Respondent Scottsdale Insurance Company.

Foran Glennon Palandech Ponzi & Rudloff and Edward Murphy for Defendants and Respondents RSG Underwriting Managers, LLC, Lloyd's Syndicate CSL 1084, Lloyd's Syndicate 1458 RenaissanceRe Management Limited, QBE Insurance (UK) Limited, Lloyd's Syndicate Atrium 609, Convex Insurance UK Limited, Everest Indemnity Insurance Company, Accident Fund General Insurance Company, HDI Global Specialty SE, and QBE (UK) Limited.

_____

Plaintiff BayWa r.e. Wind, LLC (BayWa) appeals the trial court's order granting a motion to stay its action against Defendants AGCS Marine Insurance Company, Scottsdale Insurance Company, RSG Underwriting Managers, LLC, Lloyd's Syndicate CSL 1084, Lloyd's Syndicate 1458 RenaissanceRe Management Limited, QBE Insurance (UK) Limited, Lloyd's Syndicate Atrium 609, Convex Insurance UK Limited, Everest Indemnity Insurance Company, Accident Fund General Insurance Company, HDI Global Specialty SE, and QBE (UK) Limited (collectively, the Insurers). We affirm.

## FACTUAL BACKGROUND

BayWa develops and operates renewable energy projects. In 2016, it acquired the rights to develop a wind-powered electrical generation facility in Santa Barbara County, which it named the Strauss Wind Project (the Project). Strauss Wind, LLC (Strauss) is the special purpose entity created to develop, construct, and operate the Project. BayWa and Strauss obtained insurance for physical loss or damage to the Project from the Insurers. One policy covered the period December 31, 2020, to December 31, 2022, while another policy (the 2022–2023 Policy) covered the period December 31, 2022, to August 17, 2023.

2

## I.  The Relevant Policy Provisions

Among the provisions in both policies were those concerning choice of law, jurisdiction, service of suit, and forum selection. The 2022–2023 Policy contained the following relevant clauses under the heading "Choice of Law And Jurisdiction":

"Law: The insurance shall be governed by and construed in accordance with the law of New York.

"Jurisdiction: Each party agrees to submit to New York jurisdiction subject to LMA5020 (14/09/2005) Service of Suit Clause naming: Mendes & Mount, 750 Seventh Avenue, New York, NY 10019-6829, USA[.]

"The interpretation, performance and enforcement of this agreement shall be governed by the laws of the state of New York without regard to principles of conflicts of law and any disputes between the insured and underwriters arising under or in connection with this insurance policy shall be subject to the exclusive jurisdiction of the courts of the state of New York and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction."[1]

An endorsement to the 2022–2023 Policy contained the "service of suit clause" referenced in the service provision above (the service of suit endorsement). In that clause, the Insurers agreed to "submit to the jurisdiction of a [c]ourt of competent jurisdiction within the United States," and that service of process could be made upon Mendes & Mount. Further, an "applicable

---

[1]  For convenience, we refer to these paragraphs as the choice of law provision, the service provision, and the forum selection clause, respectively.

3

law (U.S.A.)" endorsement (the applicable law endorsement) stated the "[i]nsurance shall be subject to the applicable state law to be determined by the court of competent jurisdiction as determined by the provisions of the Service of Suit Clause (U.S.A.)."

## II.    The Project Sustains Physical Damage

While the Project was under construction in late December 2022 through mid-January 2023, the Project site and its vicinity were inundated with record-setting rainfall. The Project sustained physical damage to its access roads and electrical systems (the Loss), which BayWa and Strauss allege was caused by heavy rain.

In January 2023, BayWa and Strauss notified the Insurers of the Loss. After investigating, the Insurers concluded the Loss resulted from " 'earth movement.' " Per the 2022–2023 Policy, losses caused by earth movement were subject to a $10 million sublimit and a deductible. BayWa and Strauss disagreed and asserted the Loss was caused by "the cumulative effect of the atmospheric river rainstorms, not 'Earth Movement.' "

## PROCEDURAL HISTORY

BayWa and Strauss brought this action for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief on January 12, 2024. On the advice of counsel, BayWa and Strauss also filed a separate lawsuit in New York.

The Insurers moved to dismiss or stay this action on the ground the parties had agreed in the 2022–2023 Policy that all disputes would be litigated in New York. (See Code Civ. Proc.,

4

§§ 410.30, 418.10.[2]) BayWa and Strauss opposed the motion on the grounds the forum selection clause was merely permissive, the 2022–2023 Policy was ambiguous, and it was unreasonable to enforce the forum selection clause.

At the hearing on the motion, the trial court tentatively decided to stay the action because the forum selection clause was mandatory, and it was not unreasonable to litigate the matter in New York. After hearing argument, the trial court adopted its tentative and stayed the action "until such time that either a final action is taken in New York, or a different [c]ourt order is made."

The trial court's order granting the motion to stay was entered on April 4, 2024. BayWa timely appealed. (See § 904.1, subd. (a)(3); Cal. Rules of Court, rule 8.104(a)(1)(B).)

## DISCUSSION

## I. The Trial Court Correctly Determined the 2022-2023 Policy Contains a Mandatory Forum Selection Clause

Pursuant to section 410.30, "a trial court has discretion to stay or dismiss a transitory cause of action that it believes may be more appropriately and justly tried elsewhere." (*Animal Film, LLC v. D.E.J. Productions, Inc.* (2011) 193 Cal.App.4th 466, 471 (*Animal Film*); see also *EpicentRx, Inc. v. Superior Court* (2025) 18 Cal.5th 58, 73 (*EpicentRx*) [recognizing the trial court's discretion].) However, "[i]n a contract dispute in which the parties' agreement contains a forum selection clause, a threshold issue . . . is whether the forum selection clause is mandatory or permissive." (*Animal Film*, at p. 471; see also *EpicentRx*, at p. 67

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

5

["Forum selection clauses serve vital commercial purposes and should generally be enforced."].) Where the parties agreed to a mandatory forum selection clause, that clause "ordinarily is 'given effect without any analysis of convenience; the only question is whether enforcement . . . would be unreasonable.' " (*Animal Film*, at p. 471; see also *Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 496 (*Smith*) ["we conclude that forum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable"].) By contrast, " 'the traditional forum non conveniens analysis' " applies when an agreement contains a permissive forum selection clause. (*Animal Film*, at p. 471.)

The trial court properly determined the forum selection clause in the 2022–2023 Policy was mandatory.

## A.     Standard of Review

Like other questions of contractual interpretation, where "no conflicting extrinsic evidence has been presented, the interpretation of a forum selection clause is a legal question that we review de novo." (*Animal Film*, *supra*, 193 Cal.App.4th at p. 471; see also *Palmer v. Truck Ins. Exchange* (1999) 21 Cal.4th 1109, 1115 (*Palmer*) [" 'Interpretation of an insurance policy is a question of law.' "].)

## B.     Principles of Contract Interpretation

" '[I]nsurance contracts . . . are still contracts to which the ordinary rules of contractual interpretation apply.' " (*Palmer*, *supra*, 21 Cal.4th at p. 1115.) " '[T]he mutual intention of the parties at the time the contract is formed governs [its] interpretation,' " an intent "we infer . . . solely from the written provisions of the insurance policy," if possible. (*Ibid.*; see also Civ.

6

Code, §§ 1636, 1639.) In interpreting contractual provisions, we generally "give . . . terms their ' "ordinary and popular sense," ' " "interpret [them] 'in context' [citation], and give effect 'to every part' of the policy with 'each clause helping to interpret the other.' " (*Palmer*, at p. 1115; see also Civ. Code, §§ 1641, 1644.)

"If the policy language 'is clear and explicit, it governs.' " (*Palmer*, *supra*, 21 Cal.4th at p. 1115; see also Civ. Code, § 1638.) "A policy provision is ambiguous *only* if it is susceptible to two or more reasonable constructions . . . within the context of the policy as a whole." (*Palmer*, at p. 1115.) "Courts will not strain to create an ambiguity where none exists." (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 18–19.)

### C.    The Forum Selection Clause Is Mandatory

We included the language of the forum selection clause in the factual background part, *ante*, and that language plainly amounts to a mandatory forum selection clause under California law.[3]

As BayWa recognizes, "[m]andatory forum selection clauses use language such as . . . 'shall have exclusive jurisdiction.' " That is precisely the language used in the 2022–2023 Policy. In particular, the agreement contemplates "any disputes . . . shall be

---

[3]     BayWa does not argue the trial court erred in applying California law to interpret the forum selection clause, and all parties have briefed the application of only California law to the issue. We therefore apply California law without further discussion. (See *Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal.4th 459, 480, fn. 7 [question was one of California law where parties failed to provide the law of the foreign jurisdiction]; see also *Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1282 ["An appellate court 'will not develop the appellants' arguments for them . . . .' "].)

subject to the exclusive jurisdiction of the courts of the state of New York." That clause "contains express language of exclusivity of jurisdiction, specifying a mandatory location for litigation" that is the hallmark of "a mandatory forum selection clause." (*Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, 1294; see *Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1672, fn. 4, 1677 [" 'exclusive jurisdiction' " denotes a mandatory clause]; cf. *Animal Film*, *supra*, 193 Cal.App.4th at p. 472 ["the clause lacks the language of exclusivity . . . that courts have held to be mandatory"].) The clause further provides all "parties expressly waive all rights to challenge . . . such jurisdiction." Likewise, the provision's use of " 'shall' " reinforces its mandatory character. (See *CQL Original Products, Inc. v. National Hockey League Players' Assn.* (1995) 39 Cal.App.4th 1347, 1358; see *Ricoh*, at pp. 1672, fn. 4, 1677 [using " 'shall' "].)

Because the forum selection clause contains expressly mandatory language, we readily conclude the trial court correctly determined it was a mandatory forum selection clause.

### D. The Forum Selection Clause Is Not Permissive

BayWa's primary argument on appeal is that the forum selection clause is merely permissive. But it entirely ignores the mandatory language discussed above and focuses instead on other portions of the 2022–2023 Policy, including the service provision, the service of suit endorsement, and the applicable law endorsement. That other parts of the contract may use "permissive . . . language" does not undermine our conclusion the forum selection clause is mandatory.

Moreover, BayWa's proposed interpretation is premised upon rewriting the 2022–2023 Policy to eliminate the pivotal,

8

mandatory language of the forum selection clause. We refuse to adopt BayWa's interpretation because we " 'are not at liberty to revise an agreement under the guise of construing it.' " (*Series AGI West Linn of Appian Group Investors DE, LLC v. Eves* (2013) 217 Cal.App.4th 156, 164; *Carolina Beverage Corp. v. FIJI Water Co., LLC* (2024) 102 Cal.App.5th 977, 990 [sophisticated contracting parties "are stuck with the terms of [their] contract"].)

### E. The Forum Selection Clause Is Not Ambiguous

In the alternative, BayWa acknowledges the mandatory language of the forum selection clause but argues the trial court erred in failing to recognize the clause was ambiguous. We are not persuaded.

First, BayWa argues the trial court's interpretation "renders . . . superfluous" both the choice of law provision and the service provision in the 2022–2023 Policy because "the Insurers could have accomplished a mandatory forum selection clause by solely including" the forum selection clause. We generally agree the forum selection clause indicates the parties agreed to litigate their disputes in the New York forum. But that does not render the choice of law provision and the service provision superfluous: they simply address other aspects of the parties' agreement. There is nothing novel about including both a mandatory forum selection clause and a choice of law clause in a contract, and doing so does not render either one superfluous. (See *Smith, supra*, 17 Cal.3d at pp. 494–495 [contract contained clauses governing both choice of law and forum selection].)

And as the trial court explained with regard to the service provision, that can be read as an agreement by the Insurers, some of which are headquartered in foreign countries, to "come to

9

the United States . . . and agree to a form of service here." The service provision and the service of suit endorsement thus operate to make the acquisition of personal jurisdiction a matter of contract among the parties, rather than leaving the issue "to be defined by whatever peculiar laws exist in" the forum. The notion is not novel and does not render either the service provision, the service of suit endorsement, or the forum selection clause superfluous. (See *Appalachian Ins. Company v. Superior Court* (1984) 162 Cal.App.3d 427, 432, 438–439 [evidence suggested service of suit clause was meant to make foreign insurer amenable to process in the United States, and distinguishing service of suit clause from a forum selection clause].)

Second, BayWa argues that reading the service of suit endorsement and the applicable law endorsement to govern only the manner by which to serve process upon the Insurers makes superfluous the service of suit endorsement's reference to "a court of competent jurisdiction" and eliminates the applicable law endorsement's reference to the service of suit clause. But the more natural reading is that "the court of competent jurisdiction" referenced in both endorsements is simply a New York court, a term more precisely specified in both the service provision and the forum selection clause. That is, the various contractual provisions can be read together to reflect the parties' efforts " 'to provide for a neutral forum for the resolution of any disputes arising' " from the contract " 'by agreeing in advance on a forum acceptable to [all] parties' "–in this case, New York. (*EpicentRx*, *supra*, 18 Cal.5th at p. 76; see also *Boghos v. Certain Underwriters at Lloyd's of London* (2005) 36 Cal.4th 495, 503 (*Boghos*) [service of suit clause "eas[ed] burdens the insured

10

might encounter in obtaining jurisdiction over the [insurer] in London"].)

BayWa points out the contract could have been worded differently, but that does not make this contract ambiguous as written. (See *City of Carlsbad v. Insurance Co. of State of Pennsylvania* (2009) 180 Cal.App.4th 176, 182 [that "language could be more precise or explicit does not mean it is ambiguous"]; see also *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1265 [" 'language . . . cannot be found to be ambiguous in the abstract' " (italics omitted)].) BayWa's " 'strained . . . interpretation[s]' " are unreasonable and do not convince us this forum selection clause is ambiguous. (*Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.* (1993) 5 Cal.4th 854, 867.)

## II. The Trial Court Did Not Abuse Its Discretion in Enforcing the Mandatory Forum Selection Clause

When, as here, the parties agreed to a mandatory forum selection clause, a court does not consider the traditional forum non conveniens factors on a motion to stay. (See *Quanta Computer Inc. v. Japan Communications Inc.* (2018) 21 Cal.App.5th 438, 445.) Instead, " 'the test is simply whether application of the clause is unfair or unreasonable, and the clause is usually given effect. Claims that the previously chosen forum is unfair or inconvenient are generally rejected.' " (*Ibid.*; see *Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 147 (*Verdugo*) [" ' " '[m]ere inconvenience or additional expense is not the test' " ' "].)

### A. Standard of Review

We review a trial court's decision to enforce a forum selection clause for abuse of discretion. (*Korman v. Princess*

11

*Cruise Lines, Ltd.* (2019) 32 Cal.App.5th 206, 213; see also *EpicentRx*, *supra*, 18 Cal.5th at p. 73 [enforcement of a forum selection clause is " 'in the court's discretion' "].) Under that standard, "[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712, fns. omitted.)

## B. BayWa Has Not Shown Enforcement of the Mandatory Forum Selection Clause Is Unreasonable

BayWa, as the party opposing enforcement of the clause, " 'bears the "substantial" burden of proving why it should *not* be enforced.' " (*Verdugo*, *supra*, 237 Cal.App.4th at p. 147; see also *EpicentRx*, *supra*, 18 Cal.5th at pp. 73, 76 [burden is on the opposing party to show unreasonableness].) According to BayWa, an exception to the general rule of enforcing mandatory forum selection clauses applies because a clause " 'will not be enforced if to do so would bring about a result contrary to the public policy of [California].' " (*EpicentRx*, at p. 74.)

Our Supreme Court recently clarified the contours of that exception in *EpicentRx*. The plaintiff there argued the court should not enforce a forum selection clause because it would require him "to litigate in a forum . . . that does not afford [him] the same right to a jury trial as in California," which would violate "California's strong public policy in favor of the right to trial by jury." (*EpicentRx*, *supra*, 18 Cal.5th at p. 78.) Our Supreme Court disagreed. (*Ibid.*)

The Supreme Court first noted the public policy exception "does not give courts unbounded discretion to decline to enforce otherwise valid forum selection clauses," particularly "where no

12

statute or constitutional provision directly speaks to the issue." (*EpicentRx*, *supra*, 18 Cal.5th at pp. 75–76.) " 'When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations' " because the forum selection clause may " 'have been a critical factor in their agreement to do business together in the first place.' " (*Id.* at p. 77.)

Second, the Supreme Court discussed examples of several statutes in which our Legislature expressly indicated a forum selection clause violates public policy, and in those contexts, courts accordingly declined to enforce forum selection clauses. (*EpicentRx*, *supra*, 18 Cal.5th at pp. 77–78; see, e.g., Bus. & Prof. Code, § 20040.5 [forum selection clause void in franchise agreement]; Cal. U. Com. Code, § 10106, subd. (b) [forum selection clause unenforceable in consumer leases]; Code Civ. Proc., § 410.42, subd. (a) [forum selection clause void in construction subcontracts]; Lab. Code, § 925, subd. (a)(1) [forum selection clause void in certain employment contexts].)

Third, the Supreme Court recognized the jury trial right at issue as an important public policy in California courts, (*EpicentRx*, *supra*, 18 Cal.5th at pp. 78, 80), but it also observed "[t]he California Constitution and related statutory provisions do not reflect any public policy regarding the right to a civil jury trial in other forums" (*id.* at p. 79). That is, although "California has a strong public policy in favor of the right to a jury trial and against predispute waivers of that right" *in California*, "California does not have a strong public policy against forum selection clauses or agreements to litigate in a jurisdiction that does not recognize [that] right." (*Id.* at p. 84.) While "the practical effect of [a] forum selection clause may be that plaintiff's claims

13

are not heard by a jury, California public policy does not require invalidation of the forum selection clause in all circumstances for that reason alone." (*Id.* at p. 79.)

Here, BayWa argues enforcement of the mandatory forum selection clause contradicts two fundamental public policies in California: the "right to bring a bad faith claim against the Insurers" and the "efficient proximate cause of loss doctrine." We disagree.

For purposes of this opinion, we assume without deciding California has a strong public policy to allow insureds to bring bad faith insurance claims and to apply the efficient proximate cause of loss doctrine *in California courts*. (See *Julian v. Hartford Underwriters Ins. Co.* (2005) 35 Cal.4th 747, 753 ["[Insurance Code] section 530 incorporated the [efficient proximate cause] doctrine into California law"]; but see *Boghos*, *supra*, 36 Cal.4th at p. 507 [insurance bad faith claims have no statutory basis and do not generally "seek[] to enforce a public policy articulated in a statute"].) Nevertheless, it does not necessarily follow that California has "a strong public policy against forum selection clauses or agreements to litigate in a jurisdiction that does not recognize" those concepts. (*EpicentRx*, *supra*, 18 Cal.5th at p. 84.) The practical effect of enforcing this forum selection clause may be that BayWa cannot pursue a bad faith insurance claim or avail itself of the efficient proximate cause of loss doctrine, as it could have done in a California court. But that is not sufficient reason for a court to refuse to enforce the parties' agreement "to avoid the California forum altogether" (*id.* at p. 79), let alone for us to conclude the trial court's enforcement of the clause was an abuse of discretion.

14

Nor has BayWa identified any statute expressly precluding enforcement of a forum selection clause in these circumstances. (Cf. *EpicentRx*, *supra*, 18 Cal.5th at pp. 77–78.) In its reply brief, BayWa argues "an express legislative mandate" is not necessary "to deem a matter [one of] public policy." Perhaps. But without a statutory or constitutional provision "directly speak[ing] to the issue," the trial court was rightly "reluctant to decline enforcement of contractual provisions on public policy grounds." (*Id.* at pp. 75–76.) " ' "Freedom of contract is an important principle, and courts should not blithely apply public policy reasons to void contract provisions." ' " (*Id.* at p. 76.)

On this record, the trial court did not abuse its discretion by enforcing the mandatory forum selection clause agreed upon by the parties.

## DISPOSITION

The judgment is affirmed. The Insurers are entitled to costs on appeal. (See Cal. Rules of Court, rule 8.278(a)(1)–(2).)


RICHARDSON, J.


WE CONCUR:


LUI, P. J.                SIGGINS, J.*

---

*       Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

15